IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

ATEGRITY SPECIALTY
INSURANCE COMPANY,

     Plaintiff,

v.

CARSON LOOP ESM, LLC DBA
BUDGETEL HOTEL, SRINIVAS
BOLLEPALLI AND S.T.

     Defendants.

Civil Action
File No.:  4:25-CV-00157-WMR

## ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM OF DEFENDANTS CARSON LOOP ESM, LLC DBA BUDGETEL HOTEL AND SRINIVAS BOLLEPALLI

COME NOW DEFENDANTS CARSON LOOP ESM, LLC DBA

BUDGETEL HOTEL and SRINIVAS BOLLEPALLI, Defendants in the above-

styled action, and file their Answer to Plaintiff's First Amended Complaint and

Counterclaim, showing the Court as follows:

## FIRST DEFENSE

The First Amended Complaint fails to state a claim against Defendants upon

which relief can be granted.

## SECOND DEFENSE

Plaintiff's First Amended Complaint and the claims raised therein are barred

by the doctrine of estoppel.

## THIRD DEFENSE

Plaintiff's First Amended Complaint and the claims raised therein are barred by the doctrine of waiver.

## FOURTH DEFENSE

Plaintiff's First Amended Complaint and the claims raised therein are barred by the doctrine of laches due to Plaintiff's conduct and delay.

## INTRODUCTION

1.

Defendants have insufficient information and knowledge to form a belief regarding these allegations; on that basis, denied. Defendants further deny that Plaintiff is entitled to the relief sought in the First Amended Complaint.

## PARTIES

2.

Defendants have insufficient information and knowledge to form a belief regarding these allegations; on that basis, denied.

3.

Defendants admit that Carson Loop ESM, LLC is a limited liability company with its principal place of business at 35 Carson Loop NW, Cartersville, Georgia 30121. Defendants admit that Srinivas Bollepalli is domiciled in Georgia. The remaining allegations of Paragraph 3 are denied.

4.

Admitted.

5.

Defendants have insufficient information and knowledge to form a belief regarding these allegations; on that basis, denied.

## JURISDICTION & VENUE

6.

Defendants have insufficient information and knowledge to form a belief regarding these allegations; on that basis, denied.

7.

Defendants have insufficient information and knowledge to form a belief regarding these allegations; on that basis, denied.

8.

Defendants have insufficient information and knowledge to form a belief regarding these allegations; on that basis, denied.

9.

Defendants have insufficient information and knowledge to form a belief regarding these allegations; on that basis, denied.

10.

Admitted.

11.

Denied.

## **FACTS**

12.

Admitted.

13.

Admitted; however, Defendants deny those allegations as alleged in the Underlying Lawsuit.

14.

Admitted; however, Defendants deny those allegations as alleged in the Underlying Lawsuit.

15.

Admitted; however, Defendants deny those allegations as alleged in the Underlying Lawsuit.

16.

Admitted; however, Defendants deny those allegations as alleged in the Underlying Lawsuit.

17.

Admitted; however, Defendants deny those allegations as alleged in the Underlying Lawsuit.

18.

Admitted; however, Defendants deny those allegations as alleged in the Underlying Lawsuit.

19.

Admitted; however, Defendants deny those allegations as alleged in the Underlying Lawsuit.

20.

Admitted only to the extent that the Underlying Lawsuit asserts these allegations. With respect to these allegations asserted in the Underlying Lawsuit, Defendants have insufficient information and knowledge to form a belief regarding these allegations; on that basis, denied.

21.

Admitted only to the extent that the Underlying Lawsuit asserts these allegations. With respect to these allegations asserted in the Underlying Lawsuit, Defendants have insufficient information and knowledge to form a belief regarding these allegations; on that basis, denied.

22.

Admitted only to the extent that the Underlying Lawsuit asserts these allegations. With respect to these allegations asserted in the Underlying Lawsuit,

Defendants have insufficient information and knowledge to form a belief regarding these allegations; on that basis, denied.

23.

Admitted only to the extent that the Underlying Lawsuit asserts these allegations. With respect to these allegations asserted in the Underlying Lawsuit, Defendants have insufficient information and knowledge to form a belief regarding these allegations; on that basis, denied.

24.

Admitted only to the extent that the Underlying Lawsuit asserts these allegations. With respect to these allegations asserted in the Underlying Lawsuit, Defendants have insufficient information and knowledge to form a belief regarding these allegations; on that basis, denied.

25.

Admitted only to the extent that the Underlying Lawsuit asserts these allegations. With respect to these allegations asserted in the Underlying Lawsuit, Defendants have insufficient information and knowledge to form a belief regarding these allegations; on that basis, denied.

26.

Admitted only to the extent that the Underlying Lawsuit asserts these allegations. With respect to these allegations asserted in the Underlying Lawsuit, Defendants have insufficient information and knowledge to form a belief regarding these allegations; on that basis, denied.

27.

Admitted only to the extent that the Underlying Lawsuit asserts these allegations. With respect to these allegations asserted in the Underlying Lawsuit, Defendants have insufficient information and knowledge to form a belief regarding these allegations; on that basis, denied.

28.

Admitted only to the extent that the Underlying Lawsuit asserts these allegations. With respect to these allegations asserted in the Underlying Lawsuit, Defendants have insufficient information and knowledge to form a belief regarding these allegations; on that basis, denied.

29.

Admitted; however, Defendants deny those allegations as alleged in the Underlying Lawsuit.

30.

Admitted; however, Defendants deny those allegations as alleged in the Underlying Lawsuit.

31.

Admitted; however, Defendants deny those allegations as alleged in the Underlying Lawsuit.

32.

Admitted; however, Defendants deny those allegations as alleged in the Underlying Lawsuit.

33.

Admitted; however, Defendants deny those allegations as alleged in the Underlying Lawsuit.

34.

Admitted; however, Defendants deny those allegations as alleged in the Underlying Lawsuit.

35.

Admitted; however, Defendants deny those allegations as alleged in the Underlying Lawsuit.

36.

Admitted; however, Defendants deny those allegations as alleged in the Underlying Lawsuit.

37.

Admitted; however, Defendants deny those allegations as alleged in the Underlying Lawsuit.

38.

Admitted; however, Defendants deny those allegations as alleged in the Underlying Lawsuit.

39.

Admitted; however, Defendants deny those allegations as alleged in the Underlying Lawsuit.

40.

Denied.

## THE ATEGRITY POLICY

41.

Admitted.

42.

Admitted.

43.

Admitted.

44.

Admitted.

45.

Admitted.

46.

Admitted.

47.

Admitted.

48.

Admitted.

49.

Admitted.

50.

Admitted.

51.

Admitted.

52.

Admitted.

## FIRST CAUSE OF ACTION

### 53.

In response to Paragraph 53 of Plaintiff's First Amended Complaint, Defendants reallege and incorporate by reference their previous responses to Paragraphs 1 through 52 of Plaintiff's First Amended Complaint.

### 54.

Denied.

### 55.

Denied.

### 56.

Denied.

## SECOND CAUSE OF ACTION

### 57.

In response to Paragraph 57 of Plaintiff's First Amended Complaint, Defendants reallege and incorporate by reference their previous responses to Paragraphs 1 through 56 of Plaintiff's First Amended Complaint.

### 58.

Admitted only to the extent that the Underlying Lawsuit asserts these allegations. With respect to these allegations asserted in the Underlying Lawsuit,

Defendants have insufficient information and knowledge to form a belief regarding these allegations; on that basis, denied.

59.

Denied.

## THIRD CAUSE OF ACTION

60.

In response to Paragraph 60 of Plaintiff's Fist Amended Complaint, Defendants reallege and incorporate by reference their previous responses to Paragraphs 1 through 59 of Plaintiff's First Amended Complaint.

61.

Denied.

62.

Denied.

63.

Denied.

## FOURTH CAUSE OF ACTION

64.

In response to Paragraph 64 of Plaintiff's First Amended Complaint, Defendants reallege and incorporate by reference their previous responses to Paragraphs 1 through 63 of Plaintiff's First Amended Complaint.

65.

Denied.

66.

Denied.

67.

Denied.

## **FIFTH CAUSE OF ACTION**

68.

In response to Paragraph 68 of Plaintiff's First Amended Complaint, Defendants reallege and incorporate by reference their previous responses to Paragraphs 1 through 67 of Plaintiff's First Amended Complaint.

69.

Denied.

70.

Denied.

71.

Denied.

## SIXTH CAUSE OF ACTION

### 72.

In response to Paragraph 72 of Plaintiff's First Amended Complaint, Defendants reallege and incorporate by reference their previous responses to Paragraphs 1 through 71 of Plaintiff's First Amended Complaint.

### 73.

Denied.

### 74.

Denied.

### 75.

Denied.

## SEVENTH CAUSE OF ACTION

### 76.

In response to Paragraph 76 of Plaintiff's First Amended Complaint, Defendants reallege and incorporate by reference their previous responses to Paragraphs 1 through 75 of Plaintiff's First Amended Complaint.

### 77.

Denied.

### 78.

Denied.

79.

Denied.

## **EIGHTH CAUSE OF ACTION**

80.

In response to Paragraph 80 of Plaintiff's First Amended Complaint, Defendants reallege and incorporate by reference their previous responses to Paragraphs 1 through 79 of Plaintiff's First Amended Complaint.

81.

Denied.

82.

Denied.

83.

Denied.

## **NINTH CAUSE OF ACTION**

84.

In response to Paragraph 84 of Plaintiff's First Amended Complaint, Defendants reallege and incorporate by reference their previous responses to Paragraphs 1 through 83 of Plaintiff's First Amended Complaint.

85.

Denied.

86.

Denied.

87.

Denied.

## **TENTH CAUSE OF ACTION**

88.

In response to Paragraph 88 of Plaintiff's First Amended Complaint, Defendants reallege and incorporate by reference their previous responses to Paragraphs 1 through 87 of Plaintiff's First Amended Complaint.

89.

Denied.

90.

Denied.

91.

Denied.

## **ELEVENTH CAUSE OF ACTION**

92.

In response to Paragraph 92 of Plaintiff's First Amended Complaint, Defendants reallege and incorporate by reference their previous responses to Paragraphs 1 through 91 of Plaintiff's First Amended Complaint.

93.

Denied.

94.

Denied.

95.

Denied.

Each and every remaining allegation set forth in the First Amended Complaint not expressly admitted is hereby denied.

## **COUNTERCLAIM**

## **Count I – Breach of Contract**

1.

Ategrity Specialty Insurance Company ("Ategrity") is subject to the jurisdiction and venue of this Court, and complete diversity exists between the parties. To the extent subject matter jurisdiction exists over Plaintiff's Complaint, it exists over this Counterclaim, as well.

2.

Ategrity issued an insurance policy to Carson Loop ESM LLC DBA BUDGETEL HOTEL ("Carson Loop"), a copy of which is attached to the Complaint as Exhibit B (the "Policy").

3.

Srinivas Bollepalli ("Bollepalli") is a member of Carson Loop, a limited liability company, and therefore qualifies as an insured under the Policy per its express terms:

**SECTION II – WHO IS AN INSURED**

1.  If you are designated in the Declarations as:

[…]

**c.** A limited liability company, you are insured. Your members are also insured…

Ex. B, Ategrity Specialty Insurance Company, Form 00 01 04 13, p. 9 of 16.

4.

When the Underlying Lawsuit was first filed, the Complaint in the Underlying Lawsuit alleged that S.T. was trafficked from April 2021 to May 2021. These dates fall within the effective policy period of the Policy.

5.

At the time of these alleged incidents, Carson Loop had paid all premiums due and owing under the Policy, and the Policy was in full force and effect. Carson Loop and Bollepalli have complied with all conditions precedent to coverage under the Policy.

6.

The Ategrity Policy's Insuring Agreement states, in relevant part:

We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

[…]

We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

Ex. B, Ategrity Specialty Insurance Company Policy, Form 00 01 04 13, pp. 1, 6 of 16.

7.

The complaint filed in the Underlying Lawsuit seeks damages for bodily injury and personal injury to which the Policy applies; and, therefore, Ategrity has a duty to defend Carson Loop and Bollepalli against that suit.

8.

In breach of its obligation under the Insuring Agreements, Ategrity failed to undertake the defense of Carson Loop and Bollepalli in a timely manner.

9.

Ategrity breached its duty to defend Carson Loop and Bollepalli in the Underlying Lawsuit and otherwise failed to use ordinary care in the handling of the claims asserted against Carson Loop and Bollepalli.

10.

Specifically, Ategrity failed to hire defense counsel to defend Carson Loop and Bollepalli in the Underlying Lawsuit in a timely manner. Instead, Carson Loop and Bollepalli were forced to incur defense costs and hire attorneys at the law firm Hall Booth Smith, P.C., who filed a Notice of Entry of Appearance, Defendants' Motion to Set Aside Default, and Defendants' Motion for Leave to File Out of Time on January 10, 2025 *See* Pleadings attached hereto as **Exhibit A**.

11.

Carson Loop and Bollepalli incurred significant legal fees in connection with their defense in the Underlying Lawsuit until May 12, 2025. *See* Notice of Appearances attached hereto as **Exhibit B.**

12.

Defendants incurred a total of $101,252.09 in attorney's fees and expenses when they were forced to hire counsel as a direct result of Ategrity's breach of its Policy obligations and its duty to defend.

13.

Defendants therefore sustained damages as a result of Ategrity's breach of contract and are entitled to recover those damages caused by the breach to be proven at trial.

**WHEREFORE**, having fully answered the First Amended Complaint exhibited against it and having set forth its Affirmative Defenses, Defendants pray that Plaintiff has and recovers nothing of Defendants, that Plaintiff's cause of action be dismissed, that all costs of this action be taxed against Plaintiff, and that Defendants be awarded such further relief as this Court deems just and appropriate. Defendants also seek judgment on their Counterclaim, seeking damages for breach of contract and an award of attorney's fees and expenses incurred.

This 15th day of October, 2025.

Respectfully submitted,

KENDALL LEGAL, LLC

/s/ Michael C. Kendall
Michael C. Kendall
Georgia Bar No. 414030

3152 Golf Ridge Blvd., Suite 201
Douglasville, Georgia 30135
Telephone:  (770) 577-3559
Facsimile:   (770) 577-8113
mike@kendall-legal.com
michael@kendall-legal.com
chris@kendall-legal.com

Michael C. Kendall
Georgia Bar No. 510402
John C. Kendall
Georgia Bar No. 156155
*Attorneys for Defendants*
*Carson Loop ESM, LLC DBA*
*Budgetel Hotel and Srinivas Bollepalli*

-21-

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

ATEGRITY SPECIALTY
INSURANCE COMPANY,

     Plaintiff,

v.

CARSON LOOP ESM, LLC DBA
BUDGETEL HOTEL, SRINIVAS
BOLLEPALLI AND S.T.

     Defendants.

Civil Action
File No.:  4:25-CV-00157-WMR

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served or caused to be served a copy of the within and foregoing **Answer to First Amended Complaint and Counterclaim of Defendants Carson Loop ESM, LLC DBA Budgetel Hotel and Srinivas Bollepalli** in this matter by electronically filing the same with the Court via the CM/ECF system to the following counsel of record:

Seth M. Friedman, Esq.
Inna Kogan, Esq.
LEWIS, BRISBOIS, BISGAARD
& SMITH, LLP
600 Peachtree Stret, Suite 4700
Atlanta, Georgia 30308

This 15th day of October, 2025.

/s/ Michael C. Kendall
Michael C. Kendall

# EXHIBIT

# A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

|  |  |
|---|---|
| S.T.,<br><br>Plaintiff,<br><br>v.<br><br>CARSON LOOP ESM, LLC d/b/a BUDGETEL and SRINIVAS BOLLEPALLI,<br><br>Defendants. | CIVIL ACTION FILE NO:<br>4:24-CV-00225-WMR<br><br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF ENTRY OF APPEARANCE

COMES NOW, **JACOB O'NEAL and PHILLIP E. FRIDUSS**, of the law firm Hall Booth Smith, P.C., 191 Peachtree Street, NE, Suite 2900, Atlanta, Georgia 30303, hereby advises the Court and opposing counsel of their appearance as counsel on behalf of Defendants CARSON LOOP ESM, LLC d/b/a BUDGETEL and SRINIVAS BOLLEPALLI and that Jacob O'Neal and Phillip E. Friduss are members in good standing with the State Bar of Georgia and admitted to practice in the United States District Court for the Northern District of Georgia Rome Division. The undersigned counsel requests that notice of court appearances, motions, pleadings, and filings be served upon the undersigned.

Respectfully submitted this 7th day of  January , 2025.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob O'Neal*
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
Email:  pfriduss@hallboothsmith.com
Email:  joneal@hallboothsmith.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| S.T., | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO: 4:24-CV-00225-WMR |
| CARSON LOOP ESM, LLC d/b/a BUDGETEL and SRINIVAS BOLLEPALLI, | |
| Defendants. | **JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the following counsel of record in this case with a true and correct copy of the foregoing **NOTICE OF ENTRY OF APPEARANCE** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

| | |
|---|---|
| Peter A. Law, Esq. | Patrick J. McDonough, Esq. |
| E. Michael Moran, Esq. | Jonathan S. Tonge, Esq. |
| Denise D. Hoying, Esq. | **ANDERSEN, TATE & CARR, P.C.** |
| **LAW & MORAN** | One Sugarloaf Centre |
| 563 Spring Street, N.W. | 1960 Satellite Boulevard |
| Atlanta, GA 30308 | Suite 400 |
| pete@lawmoran.com | Duluth, GA 30097 |
| mike@lawmoran.com | pmcdonough@atclawfirm.com |
| denise@lawmoran.com | jtonge@atclawfirm.com |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |

Respectfully submitted this 7th day of January, 2025.

HALL BOOTH SMITH, P.C.

/s/ Jacob O'Neal
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel: 404-954-5000
Fax: 404-954-5020
Email: pfriduss@hallboothsmith.com
Email: joneal@hallboothsmith.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

|  |  |
|---|---|
| S.T., | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO:<br>4:24-CV-00225-WMR |
| CARSON LOOP ESM, LLC d/b/a<br>BUDGETEL and SRINIVAS<br>BOLLEPALLI, | |
| Defendants. | **JURY TRIAL DEMANDED** |

## DEFENDANTS' MOTION TO SET ASIDE DEFAULT

COMES NOW CARSON LOOP ESM, LLC d/b/a BUDGETEL and SRINIVAS BOLLEPALLI, Defendants herein, and respectfully move that this Court set aside the Clerk's entry of default, for the reasons stated more fully in the accompanying Brief in Support and Affidavit.

Respectfully submitted this 7TH day of January , 2025.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob O'Neal*
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
Email:  pfriduss@hallboothsmith.com
Email:  joneal@hallboothsmith.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| S.T., | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO: 4:24-CV-00225-WMR |
| CARSON LOOP ESM, LLC d/b/a BUDGETEL and SRINIVAS BOLLEPALLI, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the following counsel of record in this case with a true and correct copy of the foregoing **DEFENDANTS' MOTION TO OPEN DEFAULT** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

<table>
<tr><td>Peter A. Law, Esq.</td><td>Patrick J. McDonough, Esq.</td></tr>
<tr><td>E. Michael Moran, Esq.</td><td>Jonathan S. Tonge, Esq.</td></tr>
<tr><td>Denise D. Hoying, Esq.</td><td><strong>ANDERSEN, TATE & CARR, P.C.</strong></td></tr>
<tr><td><strong>LAW & MORAN</strong></td><td>One Sugarloaf Centre</td></tr>
<tr><td>563 Spring Street, N.W.</td><td>1960 Satellite Boulevard</td></tr>
<tr><td>Atlanta, GA 30308</td><td>Suite 400</td></tr>
<tr><td>pete@lawmoran.com</td><td>Duluth, GA 30097</td></tr>
<tr><td>mike@lawmoran.com</td><td>pmcdonough@atclawfirm.com</td></tr>
<tr><td>denise@lawmoran.com</td><td>jtonge@atclawfirm.com</td></tr>
<tr><td><em>Counsel for Plaintiff</em></td><td><em>Counsel for Plaintiff</em></td></tr>
</table>

Respectfully submitted this 7th day of   January , 2025.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob O'Neal*
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
Email:  pfriduss@hallboothsmith.com
Email:  joneal@hallboothsmith.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

| | |
|---|---|
| S.T.,<br><br>                    Plaintiff,<br><br>          v.<br><br>CARSON LOOP ESM, LLC d/b/a<br>BUDGETEL and SRINIVAS<br>BOLLEPALLI,<br><br>                    Defendants. | CIVIL ACTION FILE NO:<br>4:24-CV-00225-WMR<br><br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' MOTION FOR LEAVE TO FILE
## OUT OF TIME

COMES NOW Defendants, CARSON LOOP ESM, LLC d/b/a BUDGETEL and SRINIVAS BOLLEPALLI hereinafter Defendants , by and through their counsel of record, and moves this Court for leave to file their Response in Opposition to Plaintiff's Motion for Default Judgment, as well as their Answer, out of time, for the reasons stated more fully in the accompanying Brief and attachments.

Respectfully submitted this 7th day of January, 2025.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob O'Neal*
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
Email:  pfriduss@hallboothsmith.com
Email:  joneal@hallboothsmith.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

S.T.,

                          Plaintiff,

                v.

CARSON LOOP ESM, LLC d/b/a
BUDGETEL and SRINIVAS
BOLLEPALLI,

                       Defendants.

CIVIL ACTION FILE NO:
4:24-CV-00225-WMR

**JURY TRIAL DEMANDED**

---

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the following counsel of record in this case with a true and correct copy of the foregoing **DEFENDANTS' MOTION FOR LEAVE TO FILE OUT OF TIME** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

|  |  |
|---|---|
| Peter A. Law, Esq. | Patrick J. McDonough, Esq. |
| E. Michael Moran, Esq. | Jonathan S. Tonge, Esq. |
| Denise D. Hoying, Esq. | **ANDERSEN, TATE & CARR, P.C.** |
| **LAW & MORAN** | One Sugarloaf Centre |
| 563 Spring Street, N.W. | 1960 Satellite Boulevard |
| Atlanta, GA 30308 | Suite 400 |
| pete@lawmoran.com | Duluth, GA 30097 |
| mike@lawmoran.com | pmcdonough@atclawfirm.com |
| denise@lawmoran.com | jtonge@atclawfirm.com |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |

Respectfully submitted this 7th day of January , 2025.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob O'Neal*
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel: 404-954-5000
Fax: 404-954-5020
Email: pfriduss@hallboothsmith.com
Email: joneal@hallboothsmith.com

# EXHIBIT

# B

AO 458 (Rev. 06/09) Appearance of Counsel

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | | |
|---|---|---|
| S.T. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Case No.   4:24-CV-00225-WMR |
| CARSON LOOP ESM, LLC, et al. | ) | |
| *Defendant* | ) | |

**APPEARANCE OF COUNSEL**

To:      The clerk of court and all parties of record

I am admitted or otherwise authorized to practice in this court, and I appear in this case as counsel for:

Carson Loop ESM, LLC d/b/a Budgetel and Srinivas Bollepalli                                                               .

Date:      05/12/2025

/s/ Stephen A. Swanson
*Attorney's signature*

Stephen A. Swanson, GA Bar #759751
*Printed name and bar number*

Carr Allison
633 Chestnut Street, Suite 2000
Chattanooga, TN 37450

*Address*

sswanson@carrallison.com
*E-mail address*

(423) 648-9832
*Telephone number*

(423) 648-9869
*FAX number*

AO 458 (Rev. 06/09)  Appearance of Counsel

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

|  |  |  |
|---|---|---|
| S.T. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Case No.   4:24-CV-00225-WMR |
| CARSON LOOP ESM, LLC, et al. | ) | |
| *Defendant* | ) | |

**APPEARANCE OF COUNSEL**

To:     The clerk of court and all parties of record

I am admitted or otherwise authorized to practice in this court, and I appear in this case as counsel for:

Carson Loop ESM, LLC d/b/a Budgetel and Srinivas Bollepalli                                              .

Date:     05/12/2025                                    /s/ Sean W. Martin
                                                        *Attorney's signature*

                                                   Sean W. Martin, GA Bar #474125
                                                        *Printed name and bar number*

                                                          Carr Allison
                                                   633 Chestnut Street, Suite 2000
                                                      Chattanooga, TN 37450

                                                            *Address*

                                                   swmartin@carrallison.com
                                                         *E-mail address*

                                                        (423) 648-9832
                                                       *Telephone number*

                                                        (423) 648-9869
                                                         *FAX number*