# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| ATEGRITY SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CARSON LOOP ESM, LLC DBA BUDGETEL HOTEL, SVRINIVAS BOLLEPALLI AND S.T.,<br><br>Defendant/Counterclaim Plaintiffs, | Civil Action No.: 4:25-CV-00157-WMR<br><br>**PLAINTIFF ATEGRITY SPECIALTY INSURANCE COMPANY'S ANSWER TO THE FIRST AMENDED COUNTERCLAIM** |

Plaintiff/Counterclaim Defendant Ategrity Specialty Insurance Company ("Ategrity"), by and through its undersigned counsel, hereby submits this Answer to Defendants/Counterclaim Plaintiffs Carson Loop ESM, LLC DBA Budgetel Hotel's and Srinivas Bollepalli's (collectively referred to herein as "Defendants") First Amended Counterclaim (Doc. 27).

## ANSWER TO FIRST AMENDED COUNTERCLAIM

Ategrity's responses to the allegations in each individual numbered paragraph of the First Amended Counterclaim are as follows. The headings are repeated from the First Amended Counterclaim and are not treated as factual allegations.

# FIRST AMENDED COUNTERCLAIM

## Count I – Breach of Contract

**1.**

Ategrity Specialty Insurance Company ("Ategrity") is subject to the jurisdiction and venue of this Court, and complete diversity exists between the parties. To the extent subject matter jurisdiction exists over Plaintiff's Complaint, it exists over this Counterclaim, as well.

**RESPONSE:** Admitted.

**2.**

Ategrity issued an insurance policy to Carson Loop ESM LLC DBA BUDGETEL HOTEL ("Carson Loop"), a copy of which is attached to the Complaint as Exhibit B (the "Policy").

**RESPONSE:** Ategrity admits that it issued policy number 01-C-PK-P20013476-0 to Carson Loop for the policy period of December 12, 2020 to December 12, 2021. Ategrity states that Exhibit B to the Complaint and First Amended Complaint is a true and complete copy of the Policy and that said document speaks itself.

**3.**

Srinivas Bollepalli ("Bollepalli") is a member of Carson Loop, a limited liability company, and therefore qualifies as an insured under the Policy per its

express terms:

> **SECTION II – WHO IS AN INSURED**
>
> 1. If you are designated in the Declarations as:
>
>    […]
>
>    c. A limited liability company, you are insured. Your members are also insured…

Ex. B, Ategrity Specialty Insurance Company, Form 00 01 04 13, p. 9 of 16.

**RESPONSE:** Upon information and belief, Ategrity admits that Srinivas Bollepalli is a member of Carson Loop, a limited liability company. Ategrity admits the Policy contains the excerpted provision cited in Paragraph 3, and states that said provision speaks for itself. Ategrity denies the allegations in Paragraph 3 to the extent they are incomplete or contradict the terms of the Policy.

**4.**

When the Underlying Lawsuit was first filed, the Complaint in the Underlying Lawsuit alleged that S.T. was trafficked from April 2021 to May 2021. These dates fall within the effective policy period of the Policy.

**RESPONSE:** Ategrity admits that the initial Complaint filed in the Underlying Lawsuit alleged that the incidents made the basis thereof occurred between April 2021 and May 2021. However, Ategrity further responds that the First Amended Complaint for Damages filed in the Underlying Lawsuit on July 23, 2025, alleges that these incidents began in August 2020 and continued for an

unspecified amount of time. Thus, Ategrity denies the allegations in Paragraph No. 4 to the extent they are incomplete or contradict the allegations in the Underlying Lawsuit or the terms of the Policy. Specifically, Ategrity denies Paragraph 4 to the extent it alleges that any incident which occurred before the Policy's effective date of December 12, 2020, "falls within the policy period of the Policy."

**5.**

At the time of these alleged incidents, Carson Loop had paid all premiums due and owing under the Policy, and the Policy was in full force and effect. Carson Loop and Bollepalli have complied with all conditions precedent to coverage under the Policy.

**RESPONSE:** Ategrity admits Carson Loop paid all premiums due and owing under the Policy. Ategrity denies the remaining allegations in Paragraph 5 to the extent they are incomplete or contradict the terms of the Policy. Specifically, Ategrity denies Paragraph 5 to the extent it alleges that any incident which occurred before the effective date of the Policy, December 12, 2020, occurred while the "Policy was in full force and effect", and that Carson Loop and Bollapelli complied with all conditions precedent to coverage under the Policy.

**6.**

The Ategrity Policy's Insuring Agreement also states, in relevant part:

We will pay those sums that the insured becomes legally obligated to

pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

[…]

We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

Ex. B, Ategrity Specialty Insurance Company Policy, Form 00 01 04 13, pp. 1, 6 of 16.

**RESPONSE:** Ategrity admits the Policy contains the excerpted provisions cited in Paragraph 6, and states that said provisions speak for themselves. Ategrity denies the allegations in Paragraph 6 to the extent they are incomplete or contradict the terms of the Policy.

**7.**

The complaint filed in the Underlying Lawsuit seeks damages for bodily injury and personal injury to which the Policy applies; and, therefore, Ategrity has a duty to defend Carson Loop and Bollepalli against that suit.

**RESPONSE:** Ategrity admits the complaint filed in the Underlying Lawsuit

5

seeks damages for bodily injury. Ategrity denies the remaining allegations in Paragraph 7.

**8.**

In breach of its obligation under the Insuring Agreements, Ategrity failed to undertake the defense of Carson Loop and Bollepalli in a timely manner.

**RESPONSE:** Denied.

**9.**

Ategrity breached its duty to defend Carson Loop and Bollepalli in the Underlying Lawsuit and otherwise failed to use ordinary care in the handling of the claims asserted against Carson Loop and Bollepalli.

**RESPONSE:** Denied.

**10.**

Specifically, Ategrity failed to hire defense counsel to defend Carson Loop and Bollepalli in the Underlying Lawsuit in a timely manner. Instead, Carson Loop and Bollepalli were forced to incur defense costs and hire attorneys at the law firm Hall Booth Smith, P.C., who filed a Notice of Entry of Appearance, Defendants' Motion to Set Aside Default, and Defendants' Motion for Leave to File Out of Time on January 10, 2025 *See* Pleadings attached hereto as **Exhibit A**.

**RESPONSE:** Upon information and belief, Ategrity admits Defendants retained attorneys at their own expense at the law firm Hall Booth Smith, P.C., and

that said attorneys filed the pleadings attached to Defendants' First Amended Counterclaim as Exhibit A. Ategrity denies the remaining allegations in Paragraph 10.

**11.**

Carson Loop and Bollepalli incurred significant legal fees in connection with their defense in the Underlying Lawsuit until May 12, 2025. See Notice of Appearances attached hereto as **Exhibit B**.

**RESPONSE:** Ategrity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and they are therefore denied.

**12.**

Defendants incurred a total of $101,259.09 in attorney's fees and expenses when they were forced to hire counsel as a direct result of Ategrity's breach of its Policy obligations and its duty to defend.

**RESPONSE:** Ategrity denies that it owed or breached any Policy obligations to Defendants, including the duty to defend. Ategrity lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and they are therefore denied.

**13.**

Defendants therefore sustained damages as a result of Ategrity's breach of

contract and are entitled to recover those damages caused by the breach to be proven at trial.

**RESPONSE:** Denied.

## ANSWERING ALL ALLEGATIONS

Ategrity denies any allegations contained in the headings used in the First Amended Counterclaim. To the extent that any heading in the First Amended Counterclaim is repeated in this Answer, it is for ease of reference only and should not be construed as an admission to the truth of any matter stated in the heading. The remaining allegations in the First Amended Counterclaim consist of an unnumbered Prayer for Relief to which no response is required. To the extent a response is required, Ategrity denies that Defendants are entitled to the relief sought. Ategrity denies each and every allegation of the First Amended Counterclaim, whether express or implied, that is not specifically and unequivocally admitted herein. Except as expressly admitted or otherwise expressly stated above, Ategrity denies all allegations of the First Amended Counterclaim.

## ATEGRITY'S AFFIRMATIVE AND OTHER DEFENSES

By way of further answer, Ategrity asserts the defenses below. By setting forth the following defenses, Ategrity does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Defendants. Ategrity reserves the right to assert other defenses not listed. Ategrity

expressly reserves the right to rely upon additional facts and defenses based on further disclosures, investigation, and discovery.

1. Defendants have failed to state a claim upon which relief may be granted against Ategrity.

2. Ategrity breached no duty owed to Defendants under the Policy.

3. The Policy does not provide coverage for the claims asserted against Defendants in the Underlying Lawsuit; thus, Ategrity does not owe Defendants defense and indemnity in relation to the Underlying Lawsuit.

4. The allegations in the Underlying Lawsuit do not constitute an accident or occurrence under the terms of the Policy.

5. Some or all of the incidents made the basis of the Underlying Lawsuit did not occur during the Policy's policy period.

6. To the extent that coverage is found to exist for the Underlying Lawsuit, such coverage is limited to that portion of the injury or damage that Defendants can prove took place during the policy period.

7. The Policy does not provide coverage for the claims asserted against Defendants in the Underlying Lawsuit because the Policy does not apply to injuries or damages which were known to the Defendants prior to the policy period.

8. The Human Trafficking Exclusion in the Policy bars coverage for the allegations raised in the Underlying Lawsuit, in whole or in part.

9. The Expected Or Intended Injury Exclusion found in Coverage A of the Policy bars coverage for the allegations raised in the Underlying Lawsuit, in whole or in part.

10. The Knowing Violation Of Rights Another Exclusion found in Coverage B of the Policy bars coverage for the allegations raised in the Underlying Lawsuit, in whole or in part.

11. The Criminal Acts Exclusion found in Coverage B of the Policy bars coverage for the allegations raised in the Underlying Lawsuit, in whole or in part.

12. The Punitive or Exemplary Damages Exclusion precludes coverage for any punitive or exemplary damages awarded against Defendants in the Underlying Lawsuit.

13. Ategrity's actions regarding insurance coverage were made in good faith.

14. Coverage for the Underlying Lawsuit may be barred in whole or in part for all the reasons stated in Ategrity's First Amended Complaint and under other terms of the Policy and applicable law.

15. Ategrity reserves the right to assert any additional affirmative defenses allowed by law depending upon any evidence discovered in pursuit of this litigation.

Respectfully submitted this 28th day of October 2025.

                          */s/ Christy M. Maple*
                          Christy M. Maple, GA Bar No. 240807
                          christy.maple@phelps.com
                          *Attorney for Plaintiff/Counterclaim Defendant Ategrity Specialty Insurance Company*

PHELPS DUNBAR LLP
4300 Edwards Mills Rd., Suite 600
Raleigh, North Carolina 27612-3723
Telephone:   919-789-5300
Facsimile:    919-789-5301

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Michael C. Kendall
mike@kendall-legal.com
Michael C. Kendall, II
michael@kendall-legal.com
John C. Kendall
chris@kendall-legal.com
KENDALL LEGAL, LLC
3152 Gold Ridge Blvd., Suite 201
Douglasville, Georgia 30135
T: (770) 577-3559
F: (770) 577-8113
*Counsel for Defendants Carson Loop ESM, LLC DBA Budgetel Hotel and Srinivas Bollepalli*

Denise D. Hoying
denise@lawmoran.com
Peter A. Law
pete@lawmoran.com
E. Michael Moran
mike@lawmoran.com
LAW & MORAN
563 Spring Street, NW
Atlanta, Georgia 30308
T: (404) 814-3700

Patrick J. McDonough
pmcdonough@atclawfirm.com
Jonathan S. Tonge
jtonge@atclawfirm.com
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Center
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
*Counsel for Defendant S.T.*

*/s/ Christy M. Maple*
Christy M. Maple, GA Bar No. 240807
christy.maple@phelps.com
*Attorney for Plaintiff/Counterclaim Defendant Ategrity Specialty Insurance Company*

PHELPS DUNBAR LLP
4300 Edwards Mills Rd., Suite 600
Raleigh, North Carolina 27612-3723
Telephone:  919-789-5300
Facsimile:   919-789-5301

12