# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| ATEGRITY SPECIALTY INSURANCE COMPANY, | |
| Plaintiff, | Civil Action No.: 4:25-CV-00157-WMR |
| v. | |
| CARSON LOOP ESM, LLC DBA BUDGETEL HOTEL, SVRINIVAS BOLLEPALLI AND S.T., | **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** |
| Defendant/Counterclaim Plaintiffs, | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.    **Description of Case:**

(a) **Describe briefly the nature of this action.**

This is a declaratory judgment action brought by Ategrity Specialty Insurance Company ("Ategrity") to determine Ategrity's rights and obligations, if any, under an insurance policy Ategrity issued to Defendant Carson Loop ESM, LLC dba Budgetel Hotel ("Carson Loop") bearing policy number 01-C-PK-P20013476-0 for the policy period of December 12, 2020 to December 12, 2021 ("Policy"). Specifically, Ategrity seeks a determination of whether it has a duty to defend or indemnify Carson Loop and Defendant Svrinivas Bollepalli ("Bollepalli") (collectively referred to herein as "Defendants") in an underlying liability lawsuit

styled *S.T. v. Carson Loop ESM, LLC d/b/a Budgetel, and Srinivas Bollepalli*, pending in the United States District Court for the Northern District of Georgia, Case No. 4:24-cv-00225-WMR (the "Underlying Lawsuit"). Defendants Carson Loop and Bollepalli have also asserted Counterclaims against Ategrity arising from Ategrity's delay in providing them with a defense in the Underlying Lawsuit and from an alleged conflict of interest involving Defendants' prior counsel. This issue is now moot as prior counsel has withdrawn.

**(b) Summarize the facts of this case. The summary should not be argumentative nor recite evidence.**

Defendant S.T. ("S.T.") filed the Underlying Lawsuit against Carson Loop and Bollepalli on September 19, 2024. An Amended Complaint was filed on July 23, 2025. In the Underlying Lawsuit, S.T. claims that Defendants engaged in wrongful conduct, including but not limited to ordinary negligence, negligently failing to keep their premises safe for their invitees, negligent hiring, retention, training, supervision, and entrustment, and violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1591(a) *et seq*. Specifically, S.T. claims, among other things, that she was sex trafficked in August 2020 at the hotel owned and/or managed by Carson Loop and Bollapelli that is located at 35 Carson Loop NW, Cartersville, Georgia ("the Hotel"). S.T. alleges that she lived at the Hotel as part of her participation in a rapid rehousing program for homeless individuals and that Defendants received full payment of her rent in

advance. Shortly after arriving at the Hotel, S.T. alleges she was subjected to sexual advances by the then-manager of the Hotel, Shreesh Tiwari ("Tiwari"). These advances progressed to Tiwari forcing S.T. to perform oral sex on him and threatening her with eviction if she refused. S.T. also claims that Tiwari forced her to have sex for money with another guest at the Hotel and that Tiwari took the money paid for S.T.'s sexual services. She further alleges that Tiwari was arrested by Homeland Security for the sex and labor trafficking of at least eight women at the Hotel and that he later plead guilty to these charges. S.T.'s claims include, but are not limited to, that Defendants had actual or constructive notice that she was being sex trafficked at the Hotel, and that they benefited from participation in a venture in which she was sex trafficked. She argues that Defendants are directly and vicariously liable for the acts and negligence of their employees, including Tiwari and others. The Underlying Lawsuit's counts against Defendants include: Count I – Negligence Allegations and Count II – Statutory Liability: Sex Trafficking 18 U.S.C. § 1595. S.T. seeks to recover all special damages, economic losses, medical expenses, necessary expenses, pain and suffering, and all compensatory, special, actual, general and punitive damages permissible under Georgia and federal law.

In this action, Ategrity seeks a declaratory judgment of its defense and indemnity obligations under the Policy to Defendants in connection with the Underlying Lawsuit. Ategrity contends that the Policy does not require Ategrity to

defend or indemnify Defendants against the Underlying Lawsuit for the following
reasons:

- There is no coverage under Coverage A of the Policy based on the absence of "bodily injury" caused by an "occurrence";

- There is no coverage under Coverage A because any "bodily injury" alleged by S.T. occurred prior to the policy period;

- There is no coverage under Coverage A because Bollepalli, an insured under the Policy, knew that S.T.'s "bodily injury" first occurred prior to the policy period;

- Coverage under Coverage A is excluded by the Expected Or Intended Injury Exclusion;

- Coverage under Coverage A is excluded by the Personal And Advertising Injury Exclusion;

- There is no coverage under Coverage B of the Policy because the Underlying Lawsuit does not seek damages for any "personal and advertising injury";

- Coverage under Coverage B is excluded by the Known Injury Or Damage Exclusion;

- Coverage under Coverage B is excluded by the Knowing Violation Of Rights Of Another Exclusion;

- Coverage under Coverage B is excluded by the Criminal Acts Exclusion;

- Coverage under Coverage A and Coverage B is excluded by the Human Trafficking Exclusion; and

- To the extent that the Underlying Lawsuit seeks punitive damages, coverage is not afforded under either Coverage A or Coverage B pursuant to the Policy's Punitive Or Exemplary Damage Exclusion.

Defendants contend Ategrity must defend and indemnify them from and against the allegations of the Underlying Lawsuit pursuant to the terms of the Policy. They argue there is no exclusion or limitation in the Policy which bars coverage for the claims asserted and damages sought in the Underlying Lawsuit. They seek a judgment declaring that they are afforded coverage under the Policy and that Ategrity has full and unreserved duties to defend and indemnify them against the Underlying Lawsuit. Defendants claim that Ategrity's delay in providing them with a defense breached its obligations under the Policy, as well as Ategrity's good faith obligations regarding same, and they seek damages related to this breach. Specifically, Defendants Carson Loop and Bollepalli defaulted with respect to the Underlying Lawsuit. Defendants Carson Loop and Bollepalli were forced to hire counsel to protect their interests, open the default, and assert their rights under the

Policy. As a result, Defendants Carson Loop and Bollepalli incurred significant legal fees.

Defendant S.T. contends that any declaratory judgment as to indemnity is not ripe and must be dismissed for lack of subject matter jurisdiction. Defendants also seek a declaratory ruling disqualifying their prior counsel from representing Ategrity in this action, as said counsel was previously engaged in the representation of Defendants in the Underlying Lawsuit. This issue is now moot as prior counsel has withdrawn.

**(c) The legal issues to be tried are as follows:**

Whether Ategrity has a duty to defend and indemnify Defendants from and against the Underlying Lawsuit.

Whether Ategrity breached the terms of the Policy in allegedly failing to provide a timely defense to Defendants in the Underlying Lawsuit.

Whether damages are owed to Defendants Carson Loop and Bollepalli as a result of Ategrity's alleged breach of the Policy.

Whether this Court should abstain from hearing the pending declaratory judgment action due to the pending federal lawsuit styled *S.T. v. Carson Loop ESM, LLC d/b/a/ Budgetel, and Srinivas Bollepalli* (Case no. 4:24-cv-00225) in the Northern District of Georgia, Rome Division.Whether this Court has subject matter jurisdiction over Ategrity's claim for a declaration on its indemnity obligation.

**(d) The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases:** *S.T. v. Carson Loop ESM, LLC d/b/a/ Budgetel, and Srinivas Bollepalli*, case no. 4:24-cv-00225-WMR, pending in the United States District Court for the Northern District of Georgia, Rome Division; *A.H. v. Carson Loop ESM, LLC d/b/a Budgetel, and Srinvias Bollepalli*, case no. 4:24-cv-00224-WMR, pending in the United States District Court for the Northern District of Georgia, Rome Division; and *Ategrity Specialty Insurance Company v. Carson Loop ESM, LLC d/b/a Budgetel Hotel, Srinivas Bollepalli, and A.H.*, case no. 4:25-cv-00158-WMR, pending in the United States District Court for the Northern District of Georgia, Rome Division.

**(2) Previously Adjudicated Related Cases:** The Parties are not aware of any previously adjudicated related cases other than the criminal action involving Tiwari.

**2.     This case is complex because it possesses one or more of the features listed below (please check):**

_____ (1) Unusually large number of parties
_____ (2) Unusually large number of claims or defenses
_____ (3) Factual issues are exceptionally complex
_____ (4) Greater than normal volume of evidence
__X__ (5) Extended discovery period is needed
_____ (6) Problems locating or preserving evidence
_____ (7) Pending parallel investigations or action by government
_____ (8) Multiple use of experts
_____ (9) Need for discovery outside United States boundaries
_____ (10) Existence of highly technical issues and proof
_____ (11) Unusually complex discovery of electronically stored information

3.    **Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

| | |
|---|---|
| Plaintiff/Counterclaim Defendant: | Christy M. Maple |
| | PHELPS DUNBAR |
| Defendants/Counterclaim Plaintiffs | |
| Carson Loop and Bollapelli: | Michael C. Kendall |
| | KENDALL LEGAL, LLC |
| | |
| Defendant S.T.: | Peter A. Law |
| | LAW & MORAN |

4.    **Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

__X__Yes  ____ No

**If "yes" please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

Defendant S.T. contends that this Court lacks subject matter jurisdiction over Plaintiff's claim for declaratory judgment on its duty to indemnify. This claim is not ripe and must therefore be dismissed. *See*, *Coca-Cola Sw. Beverages LLC v. Marten Transp., Ltd.*, No. 1:21-CV-4961-TWT, 2023 WL 5051353, at *5 (N.D. Ga. Aug. 7, 2023); *Citizens Ins. Co. of Am. v. Banyan Tree Mgmt., LLC*, 631 F. Supp. 3d 1256, 1268 n.5 (N.D. Ga. 2022), aff'd, No. 22-13581, 2023 WL 6319224 (11th Cir. Sept. 28, 2023); *Northfield Ins. Co. v. Northbrook Indus., Inc.*, 749 F. Supp. 3d 1325, 1341 (N.D. Ga. 2024).

Ategrity contends that the claim is ripe and that jurisdiction is proper. *See, e.g.*, *First Mercury Ins. Co. v. Excellent Computing Distribs.*, 648 F. App'x 861, 866-67 (11th Cir. 2016); *GTE Directories Publ'g Corp. v. Trimen Am.*, 67 F.3d 1563, 1567 (11th Cir. 1995); *Allstate Vehicle & Prop. Ins. Co. v. Jawanda*, 728 F. Supp. 3d 1246, 1247 (N.D. Ga. 2024); *W. World Ins. Co. v. J & R Roofing, Inc.*, No. 1:14-CV-2174-MHS, 2014 U.S. Dist. LEXIS 188452, *11 (N.D. Ga. Dec. 8, 2014).

**5.    Parties to This Action:**

**(a) The following persons are necessary parties who have not been joined:**

None.

**(b) The following persons are improperly joined as parties:**

None.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

**(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.    Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.**

**(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:**

Following the substitution of counsel for Plaintiff, the Parties anticipate that Defendants will amend their Answer and Counterclaim (Doc. 10) to remove the count for Conflict of Interest, which is now moot.

**(b)    Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.    Filing Times For Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

**(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

**(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

**(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

**8.    Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).**

The Parties have agreed to exchange initial disclosures by October 29, 2025.

**9.    Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The Parties do not request a scheduling conference at this time.

**10.    Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

The Parties jointly propose a six-month discovery period commencing on

October 29, 2025, and expiring on April 29, 2026.

**Please state below the subjects on which discovery may be needed:**

Consistent with Rule 26, the Parties anticipate that they will seek discovery

only as to any non-privileged matter that is relevant to, or reasonably calculated to

lead to admissible evidence as to, any party's claim or defense. Without conceding

that the following fall within the proper scope of Rule 26, the matters on which the

Parties currently anticipate seeking discovery include:

Discovery will be needed on the extent to which the damages being claimed by S.T. in the Underlying Lawsuit fall within or are excluded from coverage under the Policy.

Discovery will also be necessary regarding Ategrity's obligation to defend and indemnify Defendants under the terms of the Policy. This discovery includes any discovery relating to true facts that Defendants Carson Loop and Bollepalli ascertained which may trigger Ategrity's duty to defend and bring the claims within coverage of the Policy.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The Parties request that the discovery period commence following the exchange of Initial Disclosures on October 29, 2025, and run for a period of six months through April 29, 2026.

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None.

**(b) Is any party seeking discovery of electronically stored information?**

 _X_  Yes __ No

**If "yes,"**

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The Parties do not foresee any problems with disclosure or discovery of electronically stored information ("ESI") and will work together to prepare an ESI protocol applicable to this case. The Parties agree that discovery should be produced in an accessible, secure, and convenient manner and that disclosure of ESI should be handled consistently with the relevant Federal Rules of Civil Procedure. The Parties have taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action and do not anticipate any issues at this time.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The Parties are agreeable to produce documents in their native formats. The Parties reserve all rights to seek discovery or production of ESI in other formats, including in TIFF, or PDF with metadata, and the Parties expressly acknowledge that and agree that any party's initial request of a particular format is not a waiver of that party's right to seek production of the document and/or ESI in a different format at any time in the litigation.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.    Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

If deemed necessary, the Parties will submit a proposed protective order after the first discovery requests are propounded to address the production of any commercially sensitive information and personal identifying information. The Parties reserve the right to seek amendment to any such protective order should subsequent discovery requests necessitate the same.

**13.    Settlement Potential:**

**a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on October 8, 2025, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

| | |
|---|---|
| Plaintiff/Counterclaim Defendant Ategrity: | Lead counsel: Christy M. Maple |
| Defendants/Counterclaim Plaintiff Carson Loop and Bollapelli: | Lead counsel: Michael C. Kendall |
| Defendant S.T. | Lead counsel: Peter A. Law (co-counsel Denise D. Hoying participated in the Rule 26(f) conference) |

**(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(\_\_\_) A possibility of settlement before discovery.

(\_X\_) A possibility of settlement after discovery.

(\_\_\_) A possibility of settlement, but a conference with the judge is needed.

(\_\_\_) No possibility of settlement.

**(c)      Counsel ( \_ ) do or (\_X\_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The next settlement conference has not been scheduled.**

**(d)      The following specific problems have created a hindrance to settlement of this case.**

None.

**14.      Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a) The parties (\_\_\_) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this.**

**(b) The parties (\_X\_) do not consent to having this case tried before a magistrate judge of this Court.**

Respectfully submitted this 28th day of October, 2025.


*/s/ Christy M. Maple*
Christy M. Maple
Georgia Bar No. 240807
PHELPS DUNBAR LLP
4300 Edwards Mill Road
Suite 600
Raleigh, NC 27612
christy.maple@phelps.com

*Counsel for Plaintiff/*
*Counterclaim Defendant Ategrity*

*/s/ Michael C. Kendall*
Michael C. Kendall
Georgia Bar No. 414030
Michael C. Kendall, II
Georgia Bar No. 510402
John Christian Kendall
Georgia Bar No. 156155
KENDALL LEGAL, LLC
3152 Golf Ridge Blvd.
Suite 201
Douglasville, GA 30135
michael@kendall-legal.com
mike@kendall-legal.com
chris@kendall-legal.com

*Counsel for Defendants/Counterclaim*
*Plaintiffs Carson Loop and Bollapelli*

*/s/ Peter A. Law*
Peter A. Law
Georgia Bar No. 439655
E. Michael Moran
Georgia Bar No. 521602
Denise D. Hoying
Georgia Bar No. 236494
LAW & MORAN
563 Spring St., N.W.
Atlanta, GA 30308
pete@lawmoran.com
mike@lawmoran.com
denise@lawmoran.com

*/s/ Patrick J. McDonough*
Patrick J. McDonough
Georgia Bar No. 489855
Jonathan S. Tonge
Georgia Bar No. 303999

ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Center
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
pmcdonough@atclawfirm.com
jtonge@atclawfirm.com

*Counsel for Defendant S.T.*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

(a) Discovery shall be completed on or before May 29, 2026.

IT IS SO ORDERED, this ____day of _____, 2025.

_____

HON. WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE