IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| ATEGRITY SPECIALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>CARSON LOOP ESM, LLC DBA BUDGETEL HOTEL, SRINIVAS BOLLEPALLI AND S.T.<br><br>    Defendants. | Civil Action<br>File No.:  4:25-CV-00157-WMR |

**<u>DEFENDANTS CARSON LOOP ESM, LLC DBA BUDGETEL HOTEL'S AND SRINIVAS BOLLEPALLI'S INITIAL DISCLOSURES</u>**

Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure and Local Rule 26.1, Defendants Carson Loop, ESM LLC DBA Budgetel Hotel ("Carson Loop") and Srinivas Bollepalli ("Bollepalli") provide the following as their initial disclosures. These disclosures are made prior to discovery, and after making a good faith inquiry and investigation as is reasonable under the circumstances. This investigation is continuing, and Defendants reserve the right to correct and/or supplement these disclosures pursuant to Rule 26(e) should it become aware of additional relevant information.

By making the following disclosures, Defendants do not represent that they are identifying every fact, document, tangible thing, witness, statute, or case relevant

to this lawsuit. In addition, Defendants not waive their rights to object to any discovery request or proceeding involving or relating to these disclosures on any grounds, including competency, privilege, the work product doctrine, relevancy, hearsay, materiality, undue burden, or any other valid objection.

Furthermore, these disclosures are not an admission by Defendants regarding any matter. All of the disclosures set forth below are made subject to the above qualifications.

1.

If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Response:**

Defendants are properly identified.

2.

Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**Response:**

None at this time.

3.

Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**Response**:

Defendants have complied with all conditions precedent to coverage under the Policy. The claims and damages sought against Defendants in the Underlying Lawsuit are covered by the Policy, thus triggering Plaintiff's duties to defend and indemnify Defendants therein. Defendants are entitled to a judgment declaring that they are afforded coverage under the Policy and that Plaintiff has full and unreserved duties to defend and indemnify them against the Underlying Lawsuit.

Moreover, Plaintiff's delay in providing Defendants with a defense breached Plaintiff's obligations regarding same and Defendants seek damages related to this breach. Specifically, Defendants defaulted with respect to the Underlying Lawsuit. As a result, Defendants were forced to hire counsel to protect their interests, open the default, and assert their rights under the Policy. Defendants incurred significant legal fees in connection with their defense in the Underlying Lawsuit until May 12, 2025. The legal fees total $101,252.09.

4.

Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**Response**:

The following list of authority is not intended to be a final or complete recitation of the law upon which Patel Property will rely:

(a) Insurance contract interpretation. O.C.G.A. § 33-24-16; *Richmond v. Georgia Farm Bur. Mut. Ins. Co.*, 140 Ga. App. 215 (1976).

(b) Laches.

(c) The terms and conditions of the insurance policy.

(d) The statutes, rules, and case law set forth above are illustrative of the principles which Defendants contend are applicable to this action. The list is not intended by Defendants to be an exhaustive list of all authority applicable to this litigation and which may become known to Defendants during the course of this action.

5.

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your

claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**<u>Response</u>**:

See Attachment "A".

6.

Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.

**<u>Response</u>**:

Defendants have not at this time identified any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Defendants will timely supplement this Initial Disclosure if and when necessary.

7.

Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.

**Response**:

See Attachment "C".

8.

In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34.

**Response:**

Defendants seek a determination as to Plaintiff's obligations under the applicable insurance policy. Defendants seek to recover $101,252.09 in attorney's fees incurred as a result of Plaintiff's breach of the applicable insurance policy with respect to its duty and obligation to defend Defendants against the Underlying Lawsuit. Defendants also intend to seek their attorney's fees and expenses pursuant to applicable law.

9.

If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address,

and telephone number of such person or entity and describe in detail the basis of such liability.

**Response:**

None at this time.

10.

Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.

**Response:**

Not Applicable.

This 29th day of October, 2025.

                              Respectfully submitted,

                              KENDALL LEGAL, LLC

                              /s/ Michael C. Kendall, II
                              Michael C. Kendall
                              Georgia Bar No. 414030

3152 Golf Ridge Blvd., Suite 201    Michael C. Kendall, II
Douglasville, Georgia 30135         Georgia Bar No. 510402
Telephone:  (770) 577-3559         J. Chris Kendall
Facsimile:   (770) 577-8113          Georgia Bar No. 156155
mike@kendall-legal.com             *Attorneys for Defendants*
michael@kendall-legal.com         *Carson Loop ESM, LLC DBA*
chris@kendall-legal.com            *Budgetel Hotel and Srinivas Bollepalli*

## Attachment "A"

1. Srinivas Bollepalli. Srinivas Bollepalli may be contacted through the undersigned counsel of record. Srinivas Bollepalli has knowledge of communications with Plaintiff, the insurance policy, and legal fees and expenses incurred as a result of Plaintiff's breach of contract.

2. Mac Mullen. Senior Claim Specialist at Ategrity Specialty Insurance Company. Mr. Mullen has knowledge of the pending lawsuits, the reservation of rights, and any communications with Defendants. Mr. Mullen's phone number is (480) 508-7293, and his email address is mac.mullen@ategrity.com.

3. Defendant S.T. is believed to have knowledge of the claims asserted in the Underlying Lawsuit.

4. Shreesh Tiwari, 1400 Dale Bumpers Road, Forrest City, AR 72335. Tiwari is believed to have knowledge of the claims asserted in the Underlying Lawsuit.

## **Attachment "C"**

1. The applicable insurance policy.

2. Attorney invoices from Lewis Brisbois, Hall Booth Smith, P.C., and The Antonino Firm.

3. Pleadings from the Underlying Lawsuit.

4. Correspondence between Defendants and Plaintiff.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| ATEGRITY SPECIALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>CARSON LOOP ESM, LLC DBA BUDGETEL HOTEL, SRINIVAS BOLLEPALLI AND S.T.<br><br>    Defendants. | Civil Action<br>File No.: 4:25-CV-00157-WMR |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served or caused to be served a copy of the within and foregoing **Defendants Carson Loop ESM, LLC DBA Budgetel Hotel's and Srinivas Bollepalli's Initial Disclosures** in this matter by electronically filing the same with the Court via the CM/ECF system to the following counsel of record:

    Christy M. Maple, Esq.
    PHELPS DUNBAR LLP
    4300 Edwards Mill Road, Suite 600
    Raleigh, North Carolina 27612

This 29th day of October, 2025.

    /s/ Michael C. Kendall, II
    Michael C. Kendall, II