# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| ATEGRITY SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>CARSON LOOP ESM, LLC DBA BUDGETEL HOTEL, SVRINIVAS BOLLEPALLI AND S.T.,<br><br>Defendant/Counterclaim Plaintiffs, | Civil Action No.: 4:25-CV-00157-WMR<br><br>**PLAINTIFF/COUNTERCLAIM DEFENDANT ATEGRITY SPECIALTY INSURANCE COMPANY'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE 26(a)(1)** |

Plaintiff/Counterclaim Defendant Ategrity Specialty Insurance Company ("Ategrity") makes the following disclosures pursuant to LR 26.1, N.D.Ga. and Federal Rule of Civil Procedure 26(a)(1). These disclosures are submitted without waiver of any applicable privilege or protection from disclosure, such as the attorney-client privilege and the attorney work-product doctrine.

**(1)  State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues of the case.**

Response:  This is a declaratory judgment action brought by Ategrity to determine Ategrity's rights and obligations, if any, under an insurance policy Ategrity issued to Defendant Carson Loop ESM, LLC dba Budgetel Hotel ("Carson Loop") bearing policy number 01-C-PK-P20013476-0 for the policy period of

December 12, 2020 to December 12, 2021 ("Policy"). This matter arises from an underlying liability lawsuit styled *S.T. v. Carson Loop ESM, LLC d/b/a Budgetel, and Srinivas Bollepalli*, pending in the United States District Court for the Northern District of Georgia, Case No. 4:24-cv-00225-WMR (the "Underlying Lawsuit").

Defendant S.T. ("S.T.") filed the Underlying Lawsuit against Carson Loop and Srinivas Bollepalli ("Bollepalli") (collectively referred to as "Defendants") on September 19, 2024. An Amended Complaint was filed on July 23, 2025. In the Underlying Lawsuit, S.T. claims that Defendants engaged in wrongful conduct, including but not limited to ordinary negligence, negligently failing to keep their premises safe for their invitees, negligent hiring, retention, training, supervision, and entrustment, and violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1591(a) *et seq.* Specifically, S.T. claims, among other things, that she was sex trafficked from August 2020 to May 2021 at the hotel owned and/or managed by Carson Loop and Bollapelli that is located at 35 Carson Loop NW, Cartersville, Georgia ("the Hotel"). S.T. alleges that she lived at the Hotel as part of her participation in a rapid rehousing program for homeless individuals and that Defendants received full payment of her rent in advance. Shortly after arriving at the Hotel, S.T. alleges she was subjected to sexual advances by the then-manager of the Hotel, Shreesh Tiwari ("Tiwari"). These advances progressed to Tiwari forcing S.T. to perform oral sex on him and threatening her with eviction if she

2

refused. S.T. also claims that Tiwari forced her to have sex for money with another guest at the Hotel and that Tiwari took the money paid for S.T.'s sexual services. She further alleges that Tiwari was arrested by Homeland Security for the sex and labor trafficking of at least eight women at the Hotel and that he later plead guilty to sex trafficking charges. S.T. claims include, but are not limited to, that Defendants had actual or constructive notice that she was being sex trafficked at the Hotel, and that they benefited from participation in a venture in which she was sex trafficked. She argues that Defendants are directly and vicariously liable for the acts and negligence of their employees, including Tiwari. The Underlying Lawsuit's counts against Defendants include: Count I – Negligence Allegations and Count II – Statutory Liability: Sex Trafficking 18 U.S.C. § 1595. S.T. seeks to recover all special damages, economic losses, medical expenses, necessary expenses, pain and suffering, and all compensatory, special, actual, general and punitive damages permissible under Georgia and federal law.

Carson Loop provided notice of the Underlying Lawsuit to Ategrity. By letter dated October 22, 2024, Ategrity disclaimed coverage for the Underlying Lawsuit. Subsequently, by letter dated June 17, 2025, Ategrity agreed to provide a defense to Defendants in the Underlying Lawsuit. In this action, Ategrity seeks a declaratory judgment of its defense and indemnity obligations under the Policy to Defendants in connection with the Underlying Lawsuit. Ategrity contends that the Policy does not

3

require Ategrity to defend or indemnify Defendants against the Underlying Lawsuit for the following reasons:

- There is no coverage under Coverage A of the Policy based on the absence of "bodily injury" caused by an "occurrence";

- There is no coverage under Coverage A because any "bodily injury" alleged by S.T. occurred prior to the policy period;

- There is no coverage under Coverage A because Bollepalli, an insured under the Policy, knew that S.T.'s "bodily injury" first occurred prior to the policy period;

- Coverage under Coverage A is excluded by the Expected Or Intended Injury Exclusion;

- Coverage under Coverage A is excluded by the Personal And Advertising Injury Exclusion;

- There is no coverage under Coverage B of the Policy because the Underlying Lawsuit does not seek damages for any "personal and advertising injury";

- Coverage under Coverage B is excluded by the Known Injury Or Damage Exclusion;

- Coverage under Coverage B is excluded by the Knowing Violation Of Rights Of Another Exclusion;

4

- Coverage under Coverage B is excluded by the Criminal Acts Exclusion;

- Coverage under Coverage A and Coverage B is excluded by the Human Trafficking Exclusion; and

- To the extent that the Underlying Lawsuit seeks punitive damages, coverage is not afforded under either Coverage A or Coverage B pursuant to the Policy's Punitive Or Exemplary Damage Exclusion.

Thus, the legal issues presented in Ategrity's Complaint are whether Ategrity has a duty to defend and indemnify Defendants from and against the Underlying Lawsuit based on the coverage questions discussed above.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards, and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

Response:   The general principles governing the interpretation of insurance contracts can be found in *Hays v. Ga. Farm Bureau Mut. Ins. Co.*, 722 S.E. 2d 923 (Ga. App. 2012) (noting that "the parties to an insurance policy are bound by its plain and unambiguous terms" and that a court may not "strain to extend coverage where none was contracted or intended").

When coverage under an insurance policy is in question, an insurer may seek a declaratory judgment to confirm its obligations, or lack thereof, to an insured under a policy. *Travelers Cas. Ins. Co. of Am. v. Bozovich*, 888 S.E. 2d 656 (Ga. App. 2023).

5

An insurer's duty to defend is determined by comparing the allegations of a complaint with the provisions of an insurance policy. *Id*. at 659. When an insurance policy does not provide coverage for a claimed injury, an insurer has no duty to defend or indemnify its insured for the same. *Id*. at 659-61.

**(3)  Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)**

Response:  The following individuals are likely to have discoverable information that Ategrity may use to support its claims or defenses. Ategrity reserves the right to supplement this list throughout the course of discovery and prior to trial, in accordance with any Scheduling Order entered by the Court and the Federal Rules of Civil Procedure.

- *Representatives of Ategrity Specialty Insurance Company*, Representatives of Ategrity have knowledge of the facts and circumstances related to the issuance of the Policy, the Policy's forms, terms and conditions, as well as communications with the policyholder, Defendant Carson Loop, related to the Underlying Lawsuit.

- *Representatives of Defendant Carson Loop*, Representatives of Defendant Carson Loop have knowledge of the facts and circumstances related to the Underlying Lawsuit as well as Carson Loop's claims under the Policy for

6

coverage of the same.

- *Defendant Srinivas Bollapelli*, Defendant Srinivas Bollapelli has knowledge of the facts and circumstances related to the Underlying Lawsuit as well as his and Carson Loop's claims under the Policy for coverage of the same.

- *Defendant S.T.*, Defendant S.T. has knowledge of the facts and circumstances related to the Underlying Lawsuit.

**(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

Response: At this time, Ategrity has not selected a person or persons who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence, and reserves the right to do so prior to trial, in accordance with any Scheduling Order entered by the Court and the Federal Rules of Civil Procedure.

**(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

Response: The following documents are in Ategrity's possession and may be used to support Ategrity's claims in this matter. Ategrity reserves the right to supplement this list throughout the course of discovery and prior to trial, in accordance with any Scheduling Order entered by the Court and the Federal Rules

7

of Civil Procedure.

- The insurance policy issued by Ategrity Specialty Insurance Company to Carson Loop ESM LLC bearing policy number 01-C-PK-P20013476-0 for the policy period of December 12, 2020, to December 12, 2021.

- Pleadings filed in the Underlying Lawsuit.

- Correspondence between Ategrity, or its representatives and agents, Carson Loop, and Bollepalli, or their respective representatives and agents, related to the Underlying Lawsuit, including a letter dated October 22, 2024.

**(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34.**

Response:  Ategrity does not seek monetary damages. It seeks declaratory relief, particularly that Ategrity has no duty to defend or to indemnify Carson Loop and/or Bollapelli in connection with the Underlying Lawsuit.

**(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach a copy of insurance agreement to Initial Disclosures as Attachment E.)**

Response:  Please see a copy of the insurance policy produced herewith at pages ASIC0001-ASIC0058.

**(8)   Disclose the full name, address, and telephone number of all persons or legal entities which have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.**

Response:   None.

Submitted this 29th day of October 2025.

/s/ Christy M. Maple
Christy M. Maple, GA Bar No. 240807
christy.maple@phelps.com

*Attorney for Plaintiff/Counterclaim Defendant Ategrity Specialty Insurance Company*

PHELPS DUNBAR LLP
4300 Edwards Mill Road
Suite 600
Raleigh, North Carolina 27612-3723
Telephone:  919-789-5300
Facsimile:   919-789-5301

## CERTIFICATE OF SERVICE

      I hereby certify that on October 29, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Michael C. Kendall
mike@kendall-legal.com
Michael C. Kendall, II
michael@kendall-legal.com
John C. Kendall
chris@kendall-legal.com
KENDALL LEGAL, LLC
3152 Gold Ridge Blvd., Suite 201
Douglasville, Georgia 30135
T: (770) 577-3559
F: (770) 577-8113
*Counsel for Defendants Carson Loop ESM, LLC DBA Budgetel Hotel and Srinivas Bollepalli*

Denise D. Hoying
denise@lawmoran.com
Peter A. Law
pete@lawmoran.com
E. Michael Moran
mike@lawmoran.com
LAW & MORAN
563 Spring Street, NW
Atlanta, Georgia 30308
T: (404) 814-3700

Patrick J. McDonough
pmcdonough@atclawfirm.com
Jonathan S. Tonge
jtonge@atclawfirm.com
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Center
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
*Counsel for Defendant S.T.*

      */s/ Christy M. Maple*
Christy M. Maple, GA Bar No. 240807
christy.maple@phelps.com
*Attorney for Plaintiff/Counterclaim Defendant Ategrity Specialty Insurance Company*

PHELPS DUNBAR LLP
4300 Edwards Mills Rd., Suite 600
Raleigh, North Carolina 27612-3723
Telephone:  919-789-5300
Facsimile:  919-789-5301

10