IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| ATEGRITY SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. 4:25-CV-00157-WMR |
| v. | ) ) | |
| CARSON LOOP ESM, LLC DBA BUDGETEL HOTEL, SRINIVAS BOLLEPALLI, and S.T., | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT S.T.'S INITIAL DISCLOSURES**

COMES NOW Defendant S.T. and files her Initial Disclosures, showing as follows:

**(1)    If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

**RESPONSE:**    Defendant S.T. is properly identified.

**(2)    Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If**

**defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

**RESPONSE:** None, to Defendant S.T.'s knowledge.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

**RESPONSE:** Plaintiff Ategrity Specialty Insurance Company issued a liability insurance policy to Carson Loop ESM, LLC d/b/a/ Budgetel Hotel as the named insured. Upon information and belief, the aforementioned policy of insurance provides coverage to Ategrity's insureds Carson Loop ESM, LLC d/b/a/ Budgetel Hotel and Srinivas Bollepalli for the allegations made in *S.T. v. Carson Loop ESM, LLC d/b/a Budgetel, and Srinvias Bollepalli, case no. 4:24-cv-00225-WMR, pending in the United States District Court for the Northern District of Georgia, Rome Division* (hereinafter the "underlying action"). Upon information and belief, the insureds complied with all notice provisions of the subject policy.

Plaintiff is obligated to provide coverage to Defendants in the underlying actions according to the terms and to the extent of the subject policy. As an interested and named party, Defendant S.T. is entitled to assert all rights which all Defendants in the underlying actions have under the subject insurance policy.

Defendant S.T. is entitled to declaratory relief enforcing all liability insurance covering the underlying action and declaring that the coverage exists and enforcing Plaintiff's indemnity obligations to Defendant S.T. for the injuries and damages sustained by her. Defendant S.T. is entitled to recover all damages, including the enforcement of the indemnity provisions against Plaintiff.

This Defendant reserves the right to plead and prove such other defenses as may become known to this Defendant during the course of investigation and discovery in this matter.

**(4)   Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

**RESPONSE:**   Defendant S.T. states that the statutes, codes, legal principles, and case law identified herein are applicable to this action:

- 28 U.S.C. § 2201 (declaratory judgment);

- O.C.G.A. § 9-4-2 (declaratory judgment);

- O.C.G.A. § 9-2-20 (third-party beneficiaries);

- O.C.G.A. § 13-2-2 (Rules for interpretation of contracts generally);

- Georgia and Federal laws relating to contract interpretation;

- *N. Metro Directories Pub., LLC v. Cotton States Mut. Ins. Co.*, 279 Ga. App. 492 (2006) (Georgia courts interpret policies in favor of insureds and against insurance companies, and any exclusions or limitations on coverage are strictly construed against the insurer);

- *Barrett v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 304 Ga. App. 314 (2010) (Exclusions are strictly construed against the insurer);

- *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335, 339 (1985) ("[F]inancial responsibility laws are enacted for the benefit of the public rather than for the benefit of the insured. Therefore, the failure of the insured to comply with the policy provisions should not defeat the rights of those for whose benefit the law requiring the policy was enacted.");

- *Ga. Farm Bureau Mut. Ins. v. Meyers*, 249 Ga. App. 322 (2001) (where a provision of an insurance policy is susceptible to two constructions, it will be construed in favor of the insured and against the insurer who drafted the agreement);

- *Doss & Associates v. First American Title Ins. Co.*, 324 Ga. App. 338 (2013) (insurance contracts that do not support any clear meaning are properly held to be too vague and uncertain to be enforced);

- *Richards v. State Farm Mutual Auto. Ins. Co.*, 252 Ga. App. 45 (2001) (Georgia Supreme Court recognizes the status of tort victims as third-party beneficiaries who may bring claims for declaratory relief under an insurance policy);

- *Anderson v. Southeastern Fidelity, Ins., Co.*, 251 Ga. 556, 557 (1983) ("it is public policy of our state…that innocent persons who are injured should have an adequate recourse for recovery of their damages");

- *Coca-Cola Sw. Beverages LLC v. Marten Transp., Ltd.*, No. 1:21-CV-4961-TWT, 2023 WL 5051353, at *5 (N.D. Ga. Aug. 7, 2023); *Citizens Ins. Co. of Am. v. Banyan Tree Mgmt., LLC*, 631 F. Supp. 3d 1256, 1268 n.5 (N.D. Ga. 2022), aff'd, No. 22-13581, 2023 WL 6319224 (11th Cir. Sept. 28, 2023); *Northfield Ins. Co. v. Northbrook Indus., Inc.*, 749 F. Supp. 3d 1325, 1341 (N.D. Ga. 2024) (Plaintiff's claim for a declaration on its duty to indemnify is not ripe, and this Court lacks subject matter jurisdiction over that claim).

Additionally, Defendant S.T. states that the following doctrines are applicable to this case: doctrine of laches, doctrine of estoppel, doctrine of unclean hands, and failure of conditions precedent.

In further response, Defendant S.T. states that the investigation is continuing and additional responsive statutes, codes, regulations, legal principles, standards

and customs or usages, and illustrative case law may be identified as discovery in this case proceeds.

**(5)    Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

**RESPONSE:**     Please see Attachment A.

**(6)    Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

**RESPONSE:**     Defendant S.T. has not yet retained or specially employed any witnesses to provide expert testimony in this case, but reserves the right to do so.

**(7)    Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely**

for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**RESPONSE:** Please see Attachment C.

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P 34 (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**RESPONSE:** None at this time.

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**RESPONSE:** None at this time.

(10) Attach for inspection and copying as under Fed.R.Civ.P 34 any insurance agreement under which any person carrying on an insurance

**business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E).**

**RESPONSE:** Plaintiff attached copies of the insurance policy at issue to its Complaint. Because Defendant was not a party to the execution of the policy, she does not possess original copies.

This 29th day of October, 2025.

Respectfully submitted,

**LAW & MORAN**

*/s/ Denise D. Hoying*
Peter A. Law
Georgia Bar No. 439655
E. Michael Moran
Georgia Bar No. 521602
Denise D. Hoying
Georgia Bar No. 236494
*Attorneys for Defendant S.T.*

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710
Pete@lawmoran.com
Mike@lawmoran.com
Denise@lawmoran.com

                              **ANDERSEN, TATE & CARR, P.C.**

                              */s/ Patrick J. McDonough*
                              Patrick J. McDonough
                              Georgia Bar No. 489855
                              Jonathan S. Tonge
                              Georgia Bar No. 303999
                              *Attorneys for Defendant S.T.*

**ANDERSEN, TATE & CARR, P.C.**
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
Phone: (770) 822-0900
Facsimile: (770) 822-9680
pmcdonough@atclawfirm.com
jtonge@atclawfirm.com

# ATTACHMENT "A"

**The following individuals are believed to have discoverable information regarding Defendant S.T.'s defenses:**

1. Employees and agents of Ategrity Speciality Insurance Company, c/o Phelps Dunbar LLP;

2. Employees and agents of Carson Loop ESM, LLC d/b/a/ Budgetel Hotel, including but not limited to Srinivas Bollepalli, c/o Kendall Legal, LLC;

3. S.T., c/o Law & Moran;

4. All witnesses identified in documents produced by the Parties or otherwise identified during discovery.

## ATTACHMENT "B"

At this time, Defendant has not retained any expert witnesses for the declaratory judgment action. Defendant will supplement as necessary and appropriate as discovery continues.

## **ATTACHMENT "C"**

Defendant possesses the following documents and tangible things:

1. Copy of the Ategrity Speciality Insurance Company policy issued to Carson Loop ESM, LLC d/b/a/ Budgetel Hotel; and

2. Exhibits attached to Plaintiff's Complaint.

## <u>CERTIFICATE OF COMPLIANCE</u>

This is to certify that the foregoing ***Defendant S.T.'s Initial Disclosures*** has been prepared with one of the following font and point selections approved by the Court in L.R. 5.1.  Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14 point size.

Respectfully submitted,

**LAW & MORAN**

*/s/ Denise D. Hoying*
Peter A. Law
Georgia Bar No. 439655
E. Michael Moran
Georgia Bar No. 521602
Denise D. Hoying
Georgia Bar No. 236494
*Attorneys for Defendant S.T.*

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710
Pete@lawmoran.com
Mike@lawmoran.com
Denise@lawmoran.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| ATEGRITY SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. 4:25-CV-00157-WMR |
| v. | ) ) | |
| CARSON LOOP ESM, LLC DBA BUDGETEL HOTEL, SRINIVAS BOLLEPALLI, and S.T., | ) ) ) ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy of the foregoing ***Defendant S.T.'s Initial Disclosures*** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Michael C. Kendall
Michael C. Kendall, II
John Christian Kendall
Georgia Bar No. 156155
KENDALL LEGAL, LLC
3152 Golf Ridge Blvd.
Suite 201
Douglasville, GA 30135

Christy M. Maple
PHELPS DUNBAR LLP
4300 Edwards Mill Road
Suite 600
Raleigh, NC 27612

14

This 29th day of October, 2025.

                              Respectfully submitted,

                              **LAW & MORAN**

                              */s/ Denise D. Hoying*
                              Peter A. Law
                              Georgia Bar No. 439655
                              E. Michael Moran
                              Georgia Bar No. 521602
                              Denise D. Hoying
                              Georgia Bar No. 236494
                              *Attorneys for Defendant S.T.*

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710
Pete@lawmoran.com
Mike@lawmoran.com
Denise@lawmoran.com