IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

ATEGRITY SPECIALTY
INSURANCE COMPANY,

     Plaintiff,

v.

CARSON LOOP ESM, LLC DBA
BUDGETEL HOTEL, SRINIVAS
BOLLEPALLI AND S.T.

     Defendants.

Civil Action
File No.:  4:25-CV-00157-WMR

## DEFENDANTS CARSON LOOP ESM, LLC DBA BUDGETEL HOTEL'S AND SRINIVAS BOLLEPALLI'S BRIEF IN OPPOSITION TO PLAINTIFF ATEGRITY SPECIALTY INSURANCE COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS

COME NOW DEFENDANTS CARSON LOOP ESM, LLC DBA BUDGETEL HOTEL and SRINIVAS BOLLEPALLI (hereafter collectively referred to as "Carson Loop") and file this Brief in Opposition to Plaintiff Ategrity Specialty Insurance Company's Motion for Judgment on the Pleadings, showing the Court as follows:

## INTRODUCTION

This case involves a dispute over insurance coverage between Plaintiff Ategrity Specialty Insurance Company ("Ategrity") and Carson Loop regarding a lawsuit filed against them by Defendant S.T. ("Underlying Lawsuit") *See* [Doc. 9],

[Doc. 9-1]. At a minimum, Ategrity is required to defend Carson Loop against the Underlying Lawsuit under a commercial general liability insurance policy issued to Carson Loop by Ategrity, bearing policy number 01-C-PK-P20013476-0 for the policy period of December 12, 2020 to December 12, 2021 ("Policy"). *See* [Doc.9-2].

In its Motion, Ategrity seeks to avoid its obligations and duties owed to Carson Loop by myopically characterizing the Underlying Lawsuit as only a human-trafficking case, while ignoring numerous independent negligence and false-imprisonment claims which plainly trigger its duty to defend. The Underlying Lawsuit asserts negligence theories against Carson Loop including but not limited to allegations that Carson Loop failed to implement measures to protect invitees, failed to implement policies and procedures to protect invitees, failed to implement policies and procedures to deter criminal activity, negligently hired/trained/supervised employees, and that employees of Carson Loop falsely imprisoned S.T. These claims arguably trigger coverage under the Policy. Indeed, they stand alone and do not require a showing of human trafficking as a necessary element; therefore, the limited exclusion relied upon by Ategrity is of no moment.

Importantly, under Georgia law, if the allegations in the Underlying Lawsuit arguably bring even one claim of many within coverage, then Ategrity must defend the entire complaint. Because the Underlying Lawsuit pleads covered negligence

claims, premises claims, and false imprisonment claims, Ategrity has a duty to defend the entire lawsuit, and the Motion should be denied. The Court cannot resolve fact-bound issues and coverage defenses on the pleadings where the allegations arguably bring the claims within coverage because the Underlying Lawsuit alleges multiple covered theories of liability that are independent of, and not inextricably tied to, any statutory human-trafficking claim which may or may not be excluded.

<u>**STATEMENT OF FACTS**</u>

## I.    **The Policy.**

Ategrity issued the Policy to Carson Loop ESM LLC DBA BUDGETEL HOTEL. [Doc. 9-2], p.6. Srinivas Bollepalli ("Bollepalli") is a member of Carson Loop, a limited liability company, and therefore qualifies as an insured under the Policy per its express terms:

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declarations as:

[…]

**c.** A limited liability company, you are insured. Your members are also insured…

*See* [Doc. 9-2], p. 40. The Ategrity Policy also states, in relevant part:

We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for "bodily injury" or

"property damage" to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

[…]

We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

[Doc. 9-2], pp.32, 37.

With respect to "bodily injury", the Policy defines the term as "bodily injury, sickness or disease by a person, including death resulting from any of these any time." *Id.* With respect to "personal and advertising injury", the Policy defines this term as "a. False arrest, detention, or imprisonment…" *Id.*

## II.    The Underlying Lawsuit.

S.T. filed the Underlying Lawsuit against Carson Loop on September 19, 2024 styled *S.T. v. Carson Loop ESM, LLC et al* in this Court (Case 4:24-cv-00225-WMR). [Doc. 9-1]. The Underlying Lawsuit alleges, among other things, the following:

Defendants were negligent and said negligence proximately caused Plaintiff's injuries in the following ways, to-wit:

a)    Negligently violating O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

b)    Negligently failing to keep the premises in a state of good repair;

c)    Negligently violating O.C.G.A. § 41-1-1 by creating and maintaining a nuisance;

d)    Negligently failing to provide appropriate and effective security personnel during Plaintiff's sex trafficking at the hotel;

e)    Negligently failing to properly inspect and maintain the premises;

f)    Negligently failing to properly train and supervise their employees regarding sex trafficking at the hotel;

g)    Negligently failing to properly retain, hire, train, and supervise their employees, including but not limited to Shreesh Tiwari;

h)    Negligently failing to ensure business policies, systems, and security were adequately followed and implemented;

i)    Negligently failing to respond to online reviews and publicly available information;

j)    Negligently failing to prevent loitering and trespassing;

k)    Negligently failing to remove loiterers and trespassers;

l)    Negligently failing to inspect, patrol, or appropriately monitor the property;

m)    Negligently failing to provide adequate lighting and employ other available security measures, personnel, and devices, such as controlled access, adequate signage, cameras, patrols, inspections, physical, and other landscaping adjustments, and other measures available;

n)    Negligently failing to remediate a long history of crime at the Budgetel and the area nearby;

o)    Negligently failing to warn invitees of known hazards at the property;

p)    Negligently failing to comply with the notice provisions of O.C.G.A. § 16-5-47; and

q)    Negligently representing to invitees that the property was safe.

[…]

Because Plaintiff was unlawfully detained at the Budgetel by and through Defendants' manager Tiwari's threats, coercion, and isolation of her, causing her to reasonably fear for her physical safety if she did not submit to his demands to remain at the Budgetel, Defendants are liable for Plaintiff's false imprisonment at the Budgetel pursuant to O.C.G.A. § 51-7-20.

[Doc. 9-1], pp.23-25. The Underlying Lawsuit seeks damages for "negligence and violations of the TVPRA." [Doc. 9-1], p. 29.

## ARGUMENT AND AUTHORITY

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate only "where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). "[A] plaintiff who bears the burden of proof on an asserted claim is entitled to judgment on the pleadings if the defendant admits allegations establishing liability and fails to offer any pertinent defense." *Vann v. Institute of Nuclear Power*

*Operations, Inc.*, No. 1:09-CV-1169-CC-LTW, 2010 U.S. Dist. LEXIS 153117, 2010 WL 11601718, at *2 (N.D. Ga. July 15, 2010) (collecting authority).

In adjudicating a motion for judgment on the pleadings, the Court may not consider facts appearing outside the parties' pleadings, or those that have not been otherwise judicially noticed, without converting the motion into one for summary judgment. *See Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1255 (11th Cir. 2010); *E.E.O.C. v. Austal USA, LLC*, 389 F. Supp. 3d 1015, 1018 (S.D. Ala. 2019). "Where the plaintiff moves for judgment on the pleadings, the fact allegations of the answer are taken to be true, but those of the complaint are taken as true only where and to the extent that they do not conflict with those of the answer." *McCray v. Deitsch & Wright, P.A.*, 356 F. Supp. 3d 1358, 1360-61 (M.D. Fla. 2019) (quoting *Parker v. DeKalb Chrysler Plymouth*, 459 F. Supp. 184, 187 (N.D. Ga. 1978)). The Court must view the facts "in the light most favorable to the nonmoving party" which, in this case, is Carson Loop. *See Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999) (citing *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996)).

## I. ATEGRITY'S MOTION IMPROPERLY RELIES ON A SUPERSEDED UNDERLYING COMPLAINT THAT IS NOT THE OPERATIVE PLEADING.

As an initial matter, Ategrity's Rule 12(c) motion is fundamentally defective because it is premised on a version of the Underlying Lawsuit that Ategrity itself

admits is no longer operative. In its First Amended Complaint for Declaratory Judgment, Ategrity expressly alleges that the complaint in the underlying action was amended on July 23, 2025. [Doc. 9], ¶ 12. Yet, notwithstanding that admission, Ategrity attached to its Amended Complaint—and relies throughout its motion on—only the original underlying complaint filed in 2024, which was superseded by amendment in 2025 and no longer performs any legal function in the underlying case. *See* [Doc. 9-1]. While Ategrity attempted to attach the amended complaint in the Underlying Lawsuit to its brief, it failed to do so.  Even that attempt would not affect the analysis because briefs are not pleadings under Rule 12(c).

As a matter of settled Eleventh Circuit law, an amended complaint supersedes the original complaint and renders it a nullity. *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006). Once amended, the original complaint "is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *Id*. (citation omitted). Accordingly, the only pleading that can properly inform any duty-to-defend or coverage analysis is the amended underlying complaint—not the superseded pleading Ategrity chose to attach to its Amended Complaint in this case.

Rule 12(c) does not permit the Court to speculate about the contents of an amended complaint that is not in the record, nor does it permit Ategrity to obtain judgment based on allegations it concedes have been replaced. Because the operative

underlying complaint is not before the Court, Ategrity's motion necessarily depends on facts outside the pleadings and therefore cannot be resolved under Rule 12(c).

Even assuming arguendo that Ategrity's legal theory were correct—which Carson Loop disputes below—the motion would still fail because it asks the Court to adjudicate coverage based on a pleading that no longer exists as a matter of law.

## II.    JUDGMENT ON THE PLEADINGS IS IMPROPER WHERE THE MOVING PARTY'S POSITION CONFLICTS WITH THE PLEADINGS.

"Where the plaintiff moves for judgment on the pleadings, the fact allegations of the answer are taken to be true, but those of the complaint are taken as true only where and to the extent that they do not conflict with those of the answer." *McCray v. Deitsch & Wright, P.A.*, 356 F. Supp. 3d 1358, 1360-61 (M.D. Fla. 2019) (quoting *Parker v. DeKalb Chrysler Plymouth*, 459 F. Supp. 184, 187 (N.D. Ga. 1978)).

The Southern District of Florida's decision in *Gachette v. Axis Surplus Insurance Co.*, No. 19-cv-23860-SINGHAL/Valle, 2020 U.S. Dist. LEXIS 99465 (S.D. Fla. Apr. 1, 2020), illustrates this rule. There, the insurer moved for judgment on the pleadings after filing an answer denying the material allegations of the complaint. The court denied the motion, holding that it could not disregard the actual pleadings or accept the insurer's inconsistent litigation posture for purposes of Rule 12(c) review. *Id*. at *2–3.

Here, Carson Loop has filed a detailed Answer, denying Ategrity's material allegations, asserted multiple affirmative defenses, and asserted a counterclaim for breach of contract based on Ategrity's alleged failure to timely provide a defense. Those pleadings must be taken as true for purposes of Rule 12(c). *McCray*, 356 F. Supp. 3d at 1360–61.

Carson Loop's counterclaim alleges, among other things, that the Underlying Lawsuit asserted claims potentially within the policy period, that all premiums were paid and the policy was in force, and that Ategrity breached its duty to defend, causing Carson Loop to incur substantial defense costs. Carson Loop as raised defendants of waiver and estoppel. Ategrity has expressly denied those allegations in its Answer to the counterclaim, confirming the existence of disputed factual and legal issues that cannot be resolved on the pleadings.

Where, as here, the pleadings reflect conflicting allegations, affirmative defenses, and an unresolved counterclaim arising from the same Policy and Underlying Lawsuit, judgment on the pleadings is categorically inappropriate. This is especially true where applicable Georgia law provides that if the insured puts the carrier on notice of true facts, the insurer has a duty to investigate those facts, and may not rely on the complaint alone, in evaluating whether it has a duty to defend. *Penn-America Ins. Co. v. Disabled American Veterans, Inc.* 286 Ga. 564, 490 S.E.2d 374, 376 (1997).

-10-

### III.  THE UNDERLYING LAWSUIT ASSERTS CLAIMS FOR NEGLIGENCE, PREMISES LIABILITY, AND FALSE IMPRISONMENT COVERED BY THE POLICY, TRIGGERING ATEGRITY'S DUTY TO DEFEND.

The Underlying Lawsuit undoubtedly asserts claims for negligence, premises liability, and false imprisonment which are covered by the Policy and obligate Ategrity to defend Carson Loop. Georgia law with respect to duty to defend is clear. "[T]he duty to defend arises where the claims as alleged in the complaint fall within policy coverage." *Southern Trust Ins. Co. v. Mountain Express Oil Co.*, 351 Ga. App. 117, 121 (2019) *citing Fireman's Fund Ins. Co. v. Univ. of Ga. Athletic Assn*., 288 Ga. App. (2007); *Batson-Cook v. Aetna Ins. Co.*, 200 Ga. App. 571, 572 (1991) (in determining whether it has a duty to defend, an insurer must compare the allegations of the complaint with the provisions of the policy).

In addition, "[a]ny 'doubt as to liability and insurer's duty to defend should be resolved in favor of the insured.'" *Penn-America Ins. Co. v. Disabled Am. Veterans*, 268 Ga. 564 (1997); *see also Landmark American Ins. Co. v. Khan*, 307 Ga. App. 609, 612 (2011) ("if the facts as alleged even arguably bring the occurrence within the policy's coverage, the insurer has a duty to defend."); *BBL-McCarthy, LLC v. Baldwin Paving Co.*, 285 Ga. App. 494 (2007).

Here, the Underlying Lawsuit clearly alleges negligence, premises liability, and false imprisonment. Specifically, there are more than fifteen claims for negligence, several of which sound in premises liability. [Doc. 9-1], pp. 23-25.

Moreover, the Underlying Lawsuit also alleges that S.T. was "unlawfully detained at the Budgetel by and through Defendants' manager Tiwari's threats, coercion, and isolation of her, causing her to reasonably fear for her physical safety if she did not submit to his demands to remain at the Budgetel" and that "Defendants are liable for Plaintiff's *false imprisonment at the Budgetel pursuant to O.C.G.A. § 51-7-20.*" *Id.* Damages sought by S.T. in the Underlying Lawsuit are based on "negligence and violations of the TVPRA". [Doc. 9-1], p. 29.

These allegations and prayer for damages undoubtedly fall within the definitions of "bodily injury" (i.e. "bodily injury, sickness or disease by a person, including death resulting from any of these any time.") and "personal and advertising injury" (i.e. "a. False arrest, detention, or imprisonment…"), thus triggering the Policy's insuring agreement and the corresponding duty to defend. [Doc. 9-2], pp.32, 37. False imprisonment, in particular, is expressly enumerated as a covered offense under the definition of "personal and advertising injury." [Doc. 9-2], p. 37.

Ategrity's Motion fails because it improperly collapses the false-imprisonment allegations into the human-trafficking narrative and then declares the entire lawsuit excluded. Georgia law does not permit this sleight of hand. False imprisonment is a long-recognized, stand-alone tort under Georgia law, defined as the unlawful detention of a person, however brief, without legal authority. *See* O.C.G.A. § 51-7-20. It does not require proof of trafficking, commercial sex acts, or

participation in a trafficking venture. Nor does it depend on federal statutes, criminal intent, or any of the elements that define human or sex trafficking. The Underlying Lawsuit expressly alleges that S.T. was unlawfully detained at the Budgetel through threats, coercion, and isolation, causing her to reasonably fear for her physical safety if she attempted to leave. Those allegations support a false imprisonment claim regardless of whether any trafficking statute is ever proven or even survives dispositive motions. The injury alleged—loss of liberty, fear, and emotional distress—exists independently of any trafficking theory. Therefore, the exclusion relied upon by Ategrity is simply inapplicable to this claim.

Critically, the Human Trafficking Exclusion applies only to injuries "arising out of" or "connected with" human trafficking. *See* Ategrity's Motion for Judgment on the Pleadings, p.10. At the pleadings stage, where alternative theories of liability are alleged, Georgia law does not allow an insurer to assume that every alleged injury necessarily flows from trafficking rather than from covered tortious conduct such as false imprisonment or negligent security. To hold otherwise would permit insurers to erase expressly covered torts simply by labeling a lawsuit with an excluded buzzword. Because the false imprisonment claim stands on its own factual and legal footing—and because it falls squarely within Coverage B—Ategrity's duty to defend is triggered as a matter of law. *Penn-America Ins. Co. v. Disabled Am. Veterans*, 268 Ga. 564 (1997); *see also Landmark American Ins. Co. v. Khan*, 307 Ga. App. 609,

612 (2011) ("if the facts as alleged even arguably bring the occurrence within the policy's coverage, the insurer has a duty to defend."); *BBL-McCarthy, LLC v. Baldwin Paving Co.*, 285 Ga. App. 494 (2007).

In sum, Ategrity completely ignores the aforementioned negligence, premises liability, and false imprisonment claims as alleged in the Underlying Lawsuit. Ategrity instead solely focuses on the human trafficking allegations, which is not the relevant inquiry under controlling law. For this reason alone, Ategrity's motion should be denied. *See Utica Mut. Ins. Co. v. Kelly & Cohen, Inc.*, 233 Ga. App. 555, 556 (1998); *see also HDI-Gerling America Ins. Co. v. Morrison Homes, Inc.*, 701 F3d 662, 666 (11th Cir. 2012) (interpreting Georgia law and explaining that "where an insurer has a duty to defend a single claim the complaint presents, it has a duty to defend all the claims asserted.") Once a single covered claim is alleged, the insurer must defend the entire action, regardless of the presence of other uncovered or excluded claims.

## IV.    ATEGRITY ADMITS THERE IS NO BINDING AUTHORITY REGARDING THE EXCLUSION.

In its motion, Ategrity relies solely on the Human Trafficking exclusion endorsement. But at this stage, Ategrity bears the burden to show the exclusion applies so clearly that there is no possible set of facts under which coverage could exist. Here, the operative allegations against Carson Loop include numerous negligence-based failures, some of which also sound in premises liability, and

allegations of false imprisonment. [Doc. 9-1], pp. 23-25. Without a doubt, S.T.'s theories in the Underlying Lawsuit sound in negligent security, premises liability, negligent hiring and supervision, and false imprisonment, which are the very types of claims CGL policies such as the Policy are designed to cover.

Construing the policy as Georgia law requires—strictly against the drafter and narrowly for exclusions—Ategrity cannot carry its burden on a Rule 12(c) motion to show that every negligence-based, premises liability-based, and false imprisonment-based pathway to liability necessarily falls within the exclusion as a matter of law. *Nationwide Mut. Fire Ins. Co. v. Erwin*, 240 Ga. App. 816, 817 (1999) (exceptions and exclusions to coverage must be narrowly and strictly construed against the insurer and liberally construed in favor of the insured to afford coverage); *Hartford Life Ins. Co. Inc. v. Crumbley*, 169 Ga. App. 847, 849 (1984) (an insurance policy is construed most strongly against the insurer and liberally in favor of the insured, particularly where the insurer seeks to deny coverage based upon a policy exclusion).

At minimum, the pleadings support a reasonable inference that Carson Loop are sued for negligent omissions and false imprisonment, which are covered claims and trigger the duty to defend the entire Underlying Lawsuit. *Plantation Pipeline Co. v. Stonewall Ins. Co.*, 335 Ga. App. 302 (2015) ("[A]n insurance policy is construed, if possible, to avoid forfeitures and to provide coverage, so as to advance

the beneficial purposes intended to be accomplished by the insurance contract."); *Hartford Cas. Ins. Co. v. Smith*, 268 Ga. App. 224 (2004) (explaining that under Georgia law, insurance polices are "construed in favor of [coverage], and the conditions and provisions of contracts for insurance will be strictly construed against the insurer who prepares such contracts");

In addition, Ategrity admits in its Motion that the purported exclusion at issue has not been interpreted nor applied by the courts. *See* Ategrity's Brief in Support, p.13. This is important because it is Ategrity' s burden to prove that the exclusion applies and is enforceable as to all claims asserted. Ategrity has not met this high burden and relies on inapposite cases which interpret exclusions that are in no way applicable to this case. Thus, Ategrity's motion must be denied. *Furgerson v. Cambridge Mut. Fire Ins. Co.*, 237 Ga. App. 647, 638 (1999) (Under Georgia law, an insurer seeking to invoke a policy exclusion carries the burden of proving its applicability in any case).

Ategrity concedes that no binding authority has interpreted this specific Human Trafficking Exclusion. That concession underscores why this case cannot be resolved on the pleadings. Novel exclusions are ill-suited for Rule 12(c) adjudication.

## V.    BECAUSE THERE IS A DUTY TO DEFEND, THERE IS A VIABLE BREACH OF CONTRACT CLAIM.

Ategrity had a duty to defend the Underlying Lawsuit from its inception but failed to do so. It follows that a viable breach of contract claim exists for Carson Loop because Ategrity breached its duty to defend Carson Loop initially, forcing Carson Loop to incur significant legal fees in order for their interests to be protected. [Doc. 27], pp. 17-21. "The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complaint about the contract being broken." *Moore v. Lovein Funeral Home, Inc.*, 358 Ga. App. 10 (2020). A breach results if a contracting party "fails to perform the engagement as specified in the contract." *Id.*

Under 12(c), allegations of all pleadings are taken into consideration, including the factual allegations in the answer and counterclaim which are taken to be true. *McCray v. Deitsch & Wright, P.A.*, 356 F. Supp. 3d 1358, 1360-61 (M.D. Fla. 2019) (quoting *Parker v. DeKalb Chrysler Plymouth*, 459 F. Supp. 184, 187 (N.D. Ga. 1978)) ("Where the plaintiff moves for judgment on the pleadings, the fact allegations of the answer are taken to be true, but those of the complaint are taken as true only where and to the extent that they do not conflict with those of the answer.")

First, there is no dispute that a valid insurance contract exists. *See* Answer and Counterclaim, [Doc. 27], ¶ 2. Ategrity issued the Policy to Carson Loop that was in

full force and effect during the relevant time period, and Carson Loop and Bollepalli qualify as insureds under the Policy. [Doc. 27], ¶ 5.

Second, the Underlying Lawsuit alleges claims for negligence, premises liability, and false imprisonment that fall within the Policy's Coverage A and Coverage B. [Doc. 9-1], pp.18-20, 24. Under settled Georgia law, those allegations trigger Ategrity's duty to defend. An insurer's refusal to provide a defense where one is owed constitutes a breach of the insurance contract as a matter of law. *See Southern Trust Ins. Co. v. Mountain Express Oil Co.*, 351 Ga. App. 117 (2019).

Third, the failure to perform a contractual duty itself constitutes cognizable damages sufficient to support a breach-of-contract claim at the pleadings stage. Georgia law does not require a plaintiff to prove the precise amount of damages at this juncture; it is sufficient to allege that damages flowed from the breach. *See* O.C.G.A. § 13-6-6; *Eastview Healthcare v. Synertx, Inc.*, 296 Ga. App. 393 (2009) (in every case of breach of contract, the injured party has a right to damages). Here, Ategrity's denial of its defense obligation deprived Carson Loop of the contractual benefit of the Policy—namely, the defense promised under the insuring agreement.

Even more, Carson Loop identified the specific contractual provisions that were breached; identified damages in the amount of $101,252.09, and Carson Loop undoubtedly has a right to complain to Ategrity about the contract, i.e. the Policy, was broken, as Carson Loop are undoubtedly insureds under the Policy. [Doc. 27],

pp. 17-21. As such, Carson Loop's breach of contract claim is viable and survives a motion for judgment on the pleadings. *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352 (11th Cir. 2020) (to survive a motion to dismiss, a breach of contract claim must identify a specific contractual provision that the defendant breached). Because the Policy imposes a duty to defend and because Ategrity failed to timely fulfill that duty at all times, Carson Loop have plausibly alleged a breach of contract and resulting damages, at the very least exposing a dispute of material fact at the current stage. Under Rule 12(c), that is sufficient to survive judgment on the pleadings. Fed. R. Civ. P. 12(c); *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (if a comparison of the pleadings exposes a dispute of material fact, judgment on the pleadings must be denied.)

## <u>CONCLUSION</u>

Ategrity's Motion is procedurally improper and ignores the applicable Rule 12 standard.  Moreover, Ategrity asks the Court to do what Georgia law forbids: resolve disputed factual inferences, expand an exclusion beyond its clear terms, and eliminate the duty to defend despite the presence of expressly covered claims. Because the Underlying Lawsuit alleges negligence, premises liability, and false imprisonment independent of any human-trafficking theory, Ategrity's Motion for Judgment on the Pleadings must be denied.

This 23rd day of December, 2025.

Respectfully submitted,

KENDALL LEGAL, LLC

/s/ Michael C. Kendall
Michael C. Kendall
Georgia Bar No. 414030
Michael C. Kendall, II
Georgia Bar No. 510402
J. Chris Kendall
Georgia Bar No. 156155
*Attorneys for Defendants*
*Carson Loop ESM, LLC DBA*
*Budgetel Hotel and Srinivas Bollepalli*

3152 Golf Ridge Blvd., Suite 201
Douglasville, Georgia 30135
Telephone:   (770) 577-3559
Facsimile:    (770) 577-8113
mike@kendall-legal.com
michael@kendall-legal.com
chris@kendall-legal.com

## **<u>LOCAL RULE 7.1 D CERTIFICATION</u>**

I hereby certify that the foregoing was prepared in Times New Roman, 14-point font, in accordance with LR 7.1 B, NDGa.

This 23rd day of December, 2025.

/s/ Michael C. Kendall
Michael C. Kendall

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

ATEGRITY SPECIALTY
INSURANCE COMPANY,

     Plaintiff,

v.

CARSON LOOP ESM, LLC DBA
BUDGETEL HOTEL, SRINIVAS
BOLLEPALLI AND S.T.

     Defendants.

Civil Action
File No.:  4:25-CV-00157-WMR

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served or caused to be served a copy of the within and foregoing **Defendants Carson Loop ESM, LLC DBA Budgetel Hotel's and Srinivas Bollepalli's Brief in Opposition to Plaintiff Ategrity Specialty Insurance Company's Motion for Judgment on the Pleadings** in this matter by electronically filing the same with the Court via the CM/ECF system to the following counsel of record:

Christy M. Maple, Esq.
PHELPS DUNBAR, LLP
4300 Edwards Mill Road, Suite 600
Raleigh, North Carolina 27612

Patrick J. McDonough, Esq.
Jonathan S. Tonge, Esq.
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097

Denise D. Hoying, Esq.
Peter A. Law, Esq.
E. Michael Moran, Esq.
LAW & MORAN
563 Spring Street, NW
Atlanta, Georgia 30308

This 23rd day of December, 2025.

/s/ Michael C. Kendall
Michael C. Kendall