## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| ATEGRITY SPECIALTY INSURANCE COMPANY<br><br>        Plaintiff,<br><br>v.<br><br>CARSON LOOP ESM, LLC DBA BUDGETEL HOTEL, SRINIVAS BOLLEPALLI, and S.T.<br><br>        Defendants. | CIVIL ACTION<br>NO.: <u>4:25-cv-00157-WMR</u> |

### PLAINTIFF ATEGRITY SPECIALTY INSURANCE COMPANY'S REPLY BRIEF TO DEFENDANTS' RESPONSE IN OPPOSITION TO ATEGRITY'S MOTION FOR JUDGMENT ON THE PLEADINGS

Ategrity Specialty Insurance Company ("Ategrity") files this Reply to Defendants Carson Loop ESM, LLC dba Budgetel Hotel's and Srinivas Bollepalli's (hereinafter referred to collectively as the "Carson Loop Defendants") Response in Opposition to Ategrity's Motion for Judgment on the Pleadings, stating as follows:

Ategrity is entitled to judgment as a matter of law because the insurance policy issued by Ategrity to Defendant Carson Loop ("the Policy") does not provide coverage for the claims asserted against the Carson Loop Defendants by Defendant S.T. in the underlying lawsuit pending before this Court bearing case number 4:24-cv-00225-WMR ("the Underlying Lawsuit").  Defendant S.T.'s lawsuit alleges that she was sex trafficked at a hotel owned and/or managed by the Carson Loop

Defendants.  Despite the Carson Loop Defendants' contentions to the contrary, every cause of action asserted by Defendant S.T. arises out and relates to human trafficking and the Carson Loop Defendants' failure to deter the same.  The Policy expressly excludes coverage for damages and injuries that arise out of, relate to, cause, contribute to, or are in any way connected to human trafficking and the failure to deter or warn of the same.  Thus, Ategrity does not owe the Carson Loop Defendants defense or indemnity from and against the Underlying Lawsuit.  As explained below, this result is not changed by the arguments raised in the Carson Loop Defendants' Response (ECF No. 36).

## **ARGUMENT**

### I.    **The Court May Take Judicial Notice of the Amended Complaint Filed in the Underlying Lawsuit.**

The Carson Loop Defendants argue that Ategrity's Rule 12(c) motion "is fundamentally defective" because it is premised on a document that is not currently before the Court: the Amended Complaint filed in the Underlying Lawsuit.[1] However, pursuant to the Federal Rules of Evidence and applicable case law, the Court, on its own accord or at Ategrity's request, may take judicial notice of the Underlying Lawsuit's Amended Complaint during its consideration of Ategrity's

---

[1] The Amended Complaint in the Underlying Lawsuit was referred to as Exhibit "A" in Ategrity's Motion for Judgment on the Pleadings.  (ECF No. 33-1, p. 3).  However, Exhibit "A" was inadvertently left off this filing as a clerical error.  Simultaneously with this filing, Ategrity will file a Notice of Filing Exhibit A to correct this error.

Motion for Judgment on the Pleadings.  <u>See</u> Fed. R. Evid. 201; <u>Hawthorne v. Mac Adjustment, Inc.</u>, 140 F.3d 1367, 1370 (11th Cir. 1998) (stating that a court should grant a motion for judgment on the pleadings "when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts.").

Federal Rule of Evidence 201(b) provides that the "court may judicially notice a fact that is not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction; or can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Rule 201(c) goes on to state that the "court may take judicial notice on its own; or must take judicial notice if a party requests it and the court is supplied with the necessary information."

The Eleventh Circuit and this Court have repeatedly interpreted Federal Rule of Evidence 201 to allow for judicial notice of court filings and records as "sources whose accuracy cannot be reasonably questioned."  <u>See</u> <u>U.S. v. Rey</u>, 811 F.2d 1452, 1457 n. 5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts."); <u>U.S. v. Glover</u>, 179 F.3d 1300, 1302 n. 5 (11th Cir. 1999) (same); <u>U.S. ex rel. Osheroff v. Humana Inc.</u>, 776 F.3d 805, 811-12 (11th Cir. 2015) (finding that a court may consider judicially noticed documents at the motion to dismiss stage); <u>Atl. Spec. Ins. Co. v. City of College Park, Georgia</u>, 319 F. Supp. 3d 1287, 1292 (N.D.Ga. 2018) (determining that the court could consider filings it

- 3 -

pulled directly from the docket of the underlying state action in its resolution of a pending motion to dismiss); <u>Allianz Global Risk US Ins. Co. v. Great Am. Ins. Co.</u>, 2018 WL 11343746, at *4 (N.D.Ga. Aug. 22, 2018) (granting insurers' request for judicial notice and considering, at the motion to dismiss stage, the court filings from the underlying state actions as well as filings from declaratory judgment actions filed in California); <u>see also</u> <u>Carbone v. Cable News Network, Inc.</u>, 910 F.3d 1345, 1350 (11th Cir. 2018) ("A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6).").

Thus, pursuant to Federal Rule of Evidence 201 and the caselaw discussed above, Ategrity respectfully requests that the Court take judicial notice of the Amended Complaint filed in the Underlying Lawsuit on July 23, 2025, which is attached hereto as Exhibit A, during its consideration of Ategrity's Motion for Judgment on the Pleadings.

## II.    The Carson Loop Defendants' Answer Admits that the Underlying Lawsuit's Factual Allegations Relate to Human Trafficking, such that Judgment on the Pleadings is Proper.

The Carson Loop Defendants correctly state the legal standard applicable to motions for judgment on the pleadings in their Response.  This standard holds that when the plaintiff moves for judgment on the pleadings, the factual allegations of the answer should be accepted as true, and the factual allegations of the complaint should be accepted as true "where and to the extent that they do not conflict with

- 4 -

those of the answer." <u>Akin v. TMC Maint. Co., LLC</u>, Civil Act No. 1:19-CV-5421-MLB, 2021 WL 3578720, at *2 (N.D.Ga. Aug. 13, 2021). However, the Carson Loop Defendants are incorrect that the standard has not been met here, as there is no conflict between the pertinent factual allegations of Ategrity's First Amended Complaint for Declaratory Judgment and the factual allegations of the Carson Loop Defendants' Answer to the First Amended Complaint and Counterclaim.

The issue presented by this declaratory judgment action is, in light of the Policy's Human Trafficking Exclusion, whether the allegations of the Underlying Lawsuit trigger coverage under the Policy such that Ategrity owes the Carson Loop Defendants a defense in that matter. This determination is controlled by the terms of the Policy and the allegations of the Underlying Lawsuit. <u>See</u> <u>Fireman's Fund Ins. Co. v. Univ. of Ga. Ath. Ass'n</u>, 654 S.E. 2d 207, 209 (Ga. Ct. App. 2007) (under Georgia law an insurer's duty to defend is determined by comparing the allegations of the underlying complaint with the provisions of the policy).

In the Carson Loop Defendants' Answer (ECF No. 27), they repeatedly admit that the Underlying Lawsuit alleges that Defendant S.T. was a victim of sex trafficking at the hotel owned and/or managed by the Carson Loop Defendants. (ECF No. 27, ¶¶ 12-39). For example, Paragraph 30 of the First Amended Complaint for Declaratory Judgment, reads: "The Underlying Lawsuit alleges that although Carson Loop and Srinivas Bollepalli knew or should have known that sex trafficking

was occurring at the Hotel, they did nothing…" (ECF No. 9, ¶ 30).  In response, the Carson Loop Defendants stated: "Admitted; however, Defendants deny those allegations as alleged in the Underlying Lawsuit." (ECF No. 27, ¶ 30).  The fact that the Carson Loop Defendants dispute these allegations does not change the plain language of the Underlying Lawsuit or the application of the Policy's Human Trafficking Exclusion (which expressly includes sex trafficking).  Further, the case cited by the Carson Loop Defendants, <u>Gachette v. Axis Supply Ins. Co.</u>, 2020 WL 2850587 (S.D.Fla. Apr. 1, 2020), is inapplicable here, as their position has remained consistent in the Underlying Lawsuit and the present matter (i.e. the Carson Loop Defendants dispute the merits of the Underlying Lawsuit's allegations but admit that the Underlying Lawsuit raises allegations of human trafficking).

Finally, the Carson Loop Defendants' counterclaim does not raise conflicting factual allegations that prevent the Court from considering Ategrity's Motion for Judgment on the Pleadings.  The counterclaim alleges that Ategrity breached the insurance contract between itself and Carson Loop by failing to provide a timely defense to the Carson Loop Defendants in the Underlying Lawsuit per the terms of the Policy.  These are legal arguments, not factual allegations.  <u>Julmist v. Prime Ins. Co.</u>, 92 F.4th 1008 (11th Cir. 2024) (applying Georgia law) ("Under Georgia law, the interpretation of an insurance policy is a question of law.").  Thus, the presence of the Carson Loop Defendants' counterclaim does not impede the Court from ruling

- 6 -

on Ategrity's Motion for Judgment on the Pleadings.  See City of Jacksonville, Fla.

v. Mun. Elec. Auth. Of Ga., 608 F. Supp. 3d 1262 (N.D.Ga. 2020) (stating that a

court need not accept legal conclusions cast in the form of factual allegations when

considering a motion for judgment on the pleadings).

Therefore, for the reasons discussed above, there are no conflicting factual

allegations that preclude the Court from ruling in Ategrity's favor on its Motion for

Judgment on the Pleadings.

**III.    Every Allegation Raised in the Underlying Lawsuit Arises Out Of, Relates To, Was Caused By, Was Contributed To By, Or Is Connected to Human Trafficking.**

The Carson Loop Defendants argue that the Underlying Lawsuit alleges

claims for negligence, premises liability, and false imprisonment that stand alone

from the human trafficking allegations and are therefore covered by the Policy.

However, this argument misinterprets the allegations of the Underlying Lawsuit and

ignores the broad, clear terms of the Human Trafficking Exclusion.

Here, the Human Trafficking Exclusion precludes coverage for "'bodily

injury', 'property damage', or 'personal and advertising injury,' arising out of,

related to, caused by, contributed to by, or in any way connected with (1) 'human

trafficking' committed or caused, directly or indirectly, by you, any insured, any

person, any entity, or by any means whatsoever."  (ECF No. 9-2, at pp. 28-29, of 60

[Policy, Form ASIC-GL-0149 0519, pp. 1-2 of 2]).

- 7 -

The Human Trafficking Exclusion does not stop there; however, it also precludes coverage for:

(2) the failure to suppress or prevent the occurrence of "Human Trafficking" by you, any insured, any person, any entity, or by any means whatsoever;

(3) the failure to provide an environment safe from "Human Trafficking";

(4) the failure to warn of the dangers of the environment which could contribute to the occurrence of "Human Trafficking";

(5) "Human Trafficking" arising out of the negligent employment, investigation, hiring, supervision, training, or retention of any person or entity;

(6) the failure to contact any law enforcement or other legal authority regarding any suspicion or occurrence of "Human Trafficking";

(7) the failure to render or secure medical treatment or care necessitated by any occurrence of "Human Trafficking"; or

(8) death, including any allegations of wrongful death, arising out of items (1) through (7) listed above.

(ECF No. 9-2, at pp. 28-29, of 60 [Policy, Form ASIC-GL-0149 0519, pp. 1-2 of 2]).

Under Georgia law, if the language of the insurance policy is "explicit and unambiguous," as it is here, courts should "apply the terms of the contract as written, regardless of whether doing so benefits the carrier or the insured." Ga. Farm Bureau Mut. Ins. Co. v. Smith, 784 S.E. 2d 422, 424 (Ga. 2016); Edible IP, LLC v. Am. Zurich Ins. Co., 2025 WL 3254886, at *6 (N.D.Ga. Sept. 29, 2025) (stating that, under Georgia law, an insurance policy must be construed according to its plain language and express terms). Further, Georgia courts have construed the phrase "arising out of" in exclusion clauses broadly and have "accordingly excluded

coverage for any tort theories, regardless of their nomenclature, that seek recovery for injuries that have their origin in the excluded conduct." Video Warehouse, Inc. v. S. Tr. Ins. Co., 678 S.E. 2d 484, 488-89 (Ga. Ct. App. 2009). Thus, the various tort theories identified by the Carson Loop Defendants will be excluded under the clear terms of the Human Trafficking Exclusion if it is determined that they arise out of or are in any way connected to human trafficking.

As for the negligence allegations the Carson Loop Defendants describe, the Underlying Lawsuit avers that the Carson Loop Defendants "knew or should have known the steps to take to prevent S.T. from being sex trafficked at the Budgetel by its manager, but negligently failed to remedy, prevent or report the trafficking, and negligently hired, trained, retained and supervised their agents and employees, including manager Shreesh Tiwari." (Exhibit A, ¶ 35). These allegations clearly "arise from" allegations of human trafficking and fall within the parameters of the Human Trafficking Exclusion; therefore, they are excluded under the Policy.

The Carson Loop Defendants attempt to carve out coverage for allegations they style as "premises liability claims"; however, they fail to acknowledge that these kinds of claims, to the extent that they are raised, are contemplated by subsections (3) and (4) of the Human Trafficking Exclusion. Under Georgia law, landowners owe invitees a duty of ordinary care in keeping their premises safe; that duty includes protecting against foreseeable third-party criminal acts. Wiltse v. Wal-

<u>Mart Stores East, LP</u>, 720 F. Supp. 3d 1313 (N.D.Ga. 2024).  Here, the "foreseeable third-party criminal act" alleged is the human trafficking of Defendant S.T. by the Carson Loop Defendants' manager.  The Underlying Lawsuit alleges that the Carson Loop Defendants had actual or constructive knowledge of human trafficking occurring at the hotel yet failed to warn Defendant S.T. of this danger or protect her from the same.  (Exhibit A, ¶¶ 45-46).  Thus, to the extent the Underlying Lawsuit raises premises liability claims against the Carson Loop Defendants, these claims are inextricably tied to the allegations of human trafficking, and, as such, they are excluded under the plain terms of the Human Trafficking Exclusion.

Finally, the Carson Loop Defendants allege that the Underlying Lawsuit brings a claim of false imprisonment that exists independently of the human trafficking allegations.  However, per the allegations of the Underlying Lawsuit, any such false imprisonment was directly connected to Defendant S.T.'s sex trafficking at the hotel.  (Exhibit A, ¶¶ 2, 18-19).  Accordingly, the Human Trafficking Exclusion, which encompasses "personal and advertising injury," is applicable to any claims of false imprisonment that are "in any way connected with 'human trafficking'."  (ECF No. 9-2, at pp. 28-29, of 60 [Policy, Form ASIC-GL-0149 0519, pp. 1-2 of 2]).

Ategrity respectfully requests that the Court enforce the plain terms of the Human Trafficking Exclusion and enter an order finding that Ategrity has no duty

to defend the Carson Loop Defendants from claims arising from or in any way connected to human trafficking, including the negligence, premises liability, and false imprisonment claims discussed above.

## IV.    Georgia Law Dictates That Clear and Unambiguous Policy Language Must Be Given Full Effect.

As explained in the previous section, the clear and unambiguous terms of the Human Trafficking Exclusion preclude coverage for all the claims raised in the Underlying Lawsuit, including the allegations of negligence, premises liability, and false imprisonment discussed in the Carson Loop Defendants' Response, as they all arise from or are connected to a factual underpinning of human trafficking. Thus, under Georgia law, Ategrity has met its burden of showing that the Human Trafficking Exclusion applies to bar coverage for the Underlying Lawsuit.

In an attempt to find coverage for clearly excluded conduct, the Carson Loop Defendants ignore Policy terms and adopt a strained reading of the Underlying Lawsuit. However, under Georgia law, insurance is a matter of contract, and the parties to an insurance policy are bound by its plain and unambiguous terms. Atl. Spec. Ins. Co. v. Newsom, 672 F. Supp. 3d 1346, 1349 (N.D.Ga. 2023). Moreover, "because Georgia law permits an insurance company to 'fix the terms of its policies as it sees fit' …, companies are free to 'insure against certain risks while excluding others.'" Ga. Farm Bureau Mut. Ins. Co. v. Smith, 784 S.E. 2d 422, 424 (Ga. 2016) (quoting Payne v. Twiggs County Sch. Dist., 496 S.E. 2d 690 (Ga. 1998)).

- 11 -

Importantly, courts have "no right" to make a policy "more beneficial by extending … coverage" where none exists.   Gilreath Fam. & Cosm. Dentistry, Inc. v. Cincinnati Ins. Co., 522 F. Supp. 3d 1279, 1284-85 (citing Woodmen of World Life Ins. Soc. v. Etheridge, 154 S.E. 2d 369, 426 (Ga. 1967)).

Here, the Policy plainly excludes risks related to human trafficking.  To argue otherwise is to disregard the terms of the Human Trafficking Exclusion, which is not permissible under Georgia law.  Id. at 1284.

Finally, the Carson Loop Defendants argue that the plain terms of the Human Trafficking Exclusion should not be enforced because this exact exclusion has not yet been interpreted or applied by the courts.  However, this argument contradicts Georgia law holding that that the unambiguous terms of an insurance policy must be given full effect.  Zurich Am. Ins. Co. v. Omni Health Solutions, LLC, 774 S.E. 2d 782 (Ga. Ct. App. 2015).  This rule is not conditioned on the challenged language being the subject of prior litigation.  Further, if this argument is taken to its logical conclusion, an insurer would never be able to pursue Rule 12(c) relief in cases involving novel policy terms and exclusions.

In sum, Ategrity has met its burden of showing that the Policy excludes coverage for the claims brought against the Carson Loop Defendants in the Underlying Lawsuit.  Thus, it is entitled to a judgment on the pleadings in its favor.

**V.    Because Ategrity Does Not Owe the Carson Loop Defendants a Defense, the Counterclaim Does Not Raise a Viable Breach of Contract Claim.**

For all the reasons discussed above and as more fully addressed in Ategrity's Motion for Judgment on the Pleadings, Ategrity has no duty to defend the Carson Loop Defendants against the claims made in the Underlying Lawsuit. Therefore, Ategrity has not breached any duty purportedly owed to the Carson Loop Defendants and there has been no breach of the Policy. Accordingly, Ategrity respectfully requests that the Court enter judgment on the pleadings in favor of Ategrity that it has not breached the Policy.

<u>**CONCLUSION**</u>

Ategrity respectfully requests that the Court grant its Motion and enter judgment on the pleadings in favor of Ategrity that it has no duty to defend the Carson Loop Defendants or to indemnify anyone with respect to the Underlying Lawsuit per the clear terms of the Policy's Human Trafficking Exclusion, and that such a determination defeats the counterclaim raised by the Carson Loop Defendants.

- 13 -

Respectfully submitted this the 20th day of January, 2026.

**PHELPS DUNBAR LLP**

BY:  */s/ Christy M. Maple*
       Christy M. Maple
       Georgia Bar No. 240807
       4300 Edwards Mill Road, Suite 600
       Raleigh, NC 27612
       Telephone: (919) 789-5300
       Facsimile: (919) 789-5301
       Email: christy.maple@phelps.com

       *Attorney for Plaintiff Ategrity*
       *Specialty Insurance Company*

PD.60174520.2

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Michael C. Kendall
mike@kendall-legal.com
Michael C. Kendall, II
michael@kendall-legal.com
John C. Kendall
chris@kendall-legal.com
KENDALL LEGAL, LLC
3152 Golf Ridge Blvd., Suite 201
Douglasville, Georgia 30135
T: (770) 577-3559
F: (770) 577-8113
*Counsel for Defendants Carson Loop ESM, LLC DBA Budgetel Hotel and Srinivas Bollepalli*

Peter A. Law
pete@lawmoran.com
E. Michael Moran
mike@lawmoran.com
Denise D. Hoying
denise@lawmoran.com
LAW & MORAN
563 Spring Street, NW
Atlanta, Georgia 30308
T: (404) 814-3700

Patrick J. McDonough
pmcdonough@atclawfirm.com
Jonathan S. Tonge
jtonge@atclawfirm.com
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Center
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
*Counsel for Defendant S.T.*

/s/ Christy M. Maple
Christy M. Maple, GA Bar No. 240807
christy.maple@phelps.com
*Attorney for Plaintiff/Counterclaim Defendant Ategrity Specialty Insurance Company*

PHELPS DUNBAR LLP
4300 Edwards Mills Rd., Suite 600
Raleigh, North Carolina 27612-3723
Telephone:  919-789-5300
Facsimile:   919-789-5301

- 15 -

PD.60174520.2

## <u>LOCAL RULE 7.1 D CERTIFICATION</u>

I hereby certify that the foregoing was prepared in Times New Roman, 14-point font, in accordance with LR 7.1(D), NDGA.

This 20th day of January, 2026.

/s/ Christy M. Maple
Christy M. Maple

PD.60174520.2