IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| ATEGRITY SPECIALTY INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>CARSON LOOP ESM, LLC DBA BUDGETEL HOTEL, SRINIVAS BOLLEPALLI, and S.T.<br><br>Defendants. | CIVIL ACTION<br>NO.: 4:25-cv-00157-WMR |

## PLAINTIFF ATEGRITY SPECIALTY INSURANCE COMPANY'S MOTION TO STAY DISCOVERY

Ategrity Specialty Insurance Company ("Ategrity") by and through undersigned counsel, hereby moves the Court to stay discovery pending this Court's ruling on Ategrity's Motion for Judgment on the Pleadings previously filed [Docs. 33, 33-1, 37, 37-1]. Counsel for Ategrity sought Defendants' consent to this motion by email, but no party responded that it either consented to this relief or opposed a stay. Ategrity's motion to stay is based upon the following memorandum of points and authorities set forth below and upon the pleadings in this action.

Ategrity would respectfully show unto the Court the following:

## I. Introduction

Through this action, Ategrity seeks to adjudicate the rights and duties owed under an insurance policy bearing number 01-C-PK-P20013476-0 it issued to Defendant Carson Loop ESM, LLC dba Budgetel Hotel ("Carson Loop") for the policy period of December 12, 2020, to December 12, 2021 ("the Policy") with respect to an underlying state court action ("the Underlying Lawsuit") arising from the alleged human trafficking of Defendant S.T. at a hotel owned and/or managed by Carson Loop and Defendant Srinivas Bollepalli ("Bollepalli"). Ategrity seeks declarations of law regarding the application of certain Policy provisions to the Underlying Lawsuit and filed a Motion for Judgment on the Pleadings seeking to have this Court enter those declarations based upon the admitted allegations of the First Amended Complaint. Because the Court's ruling on that motion could terminate this action in its entirety, Ategrity requests that the Court stay discovery in this action.

## II. Legal Standards

This Court has broad discretion to control the pace of litigation and course of discovery to ensure cases move to a timely and orderly conclusion. *Circle Group, LLC v. Se. Carpenters Reg'l Council*, 836 F.Supp.2d 1327, 1351 (N.D. Ga. 2011); *Chrysler Intern. Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) (stressing the "broad discretion district courts have in managing their cases). This discretion

includes the "broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." *Ezzard v. Ajibadel*, No. CV 314-141, 2015 WL 5388494, at *1 (S.D. Ga. Oct. 5, 2015) (citations omitted); *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (finding that the district court did not abuse its discretion in staying discovery pending a motion to dismiss).

A court may grant a motion to stay discovery upon a showing of "good cause and reasonableness." *Principle Sols. Grp., LLC v. Ironshore Indem., Inc.*, No. 1:15-CV-4130-RWS, 2016 WL 9049187, at *1 (N.D. Ga. Mar. 22, 2016); *see also Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1291 (N.D. Ga. 2009) (granting a stay and noting "[t]he Federal Rules of Civil Procedure grant the Court discretion to alter the normal discovery schedule for the convenience of parties and witnesses and in the interests of justice").

Generally, because discovery is not relevant to motions to dismiss for failure to state a claim (or for motions for judgment on the pleadings), avoiding the cost and expense of discovery while such a motion is pending has been deemed "good cause" for staying discovery. *See Roberts v. FNB S. of Alma, Ga.* 716 F. App'x 854, 857 (11th Cir. 2017) ("[T]he district court properly stayed discovery pending a ruling on the legal sufficiency of [the] complaint because there was no 'need for discovery before the court rule[d] on the motion.'") (internal citation omitted).

### III. Argument

As discussed more thoroughly in its Motion for Judgment on the Pleadings and supporting Brief, Ategrity's motion seeks adjudication of its duty to defend Defendants Carson Loop and Bollepalli with respect to the Underlying Lawsuit brought against them by Defendant S.T. *See generally* [Docs. 33, 33-1, 37, 37-1]. If successful, the motion would terminate some or all of Ategrity's claims for declaratory relief. The Eleventh Circuit has indicated that when a court is faced with a motion to dismiss a claim for relief "that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible." *Lawrence v. Governor of Ga.*, 721 F. App'x 862, 864 (11th Cir. 2018) (*citing Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)). Ategrity's motion plainly has the potential to significantly affect discovery as it could dispose of the case in its entirety.

Further, because this matter requests that this Court interpret the Ategrity Policy as a matter of law, the Defendants' entitlement to discovery is limited, if it exists at all. Interpretation and construction of contracts, including insurance policies, is a matter of law for the court to determine. *Landmark Am. Ins. Co. v. Khan*, 307 Ga. App. 609, 612 (1), 705 S.E.2d 707, 710 (2011). "[W]here the language of a contract is clear, unambiguous, and capable of only one reasonable interpretation, no construction is necessary or even permissible by the trial court."

*Ainsworth v. Perrault*, 254 Ga. App. 470, 476 (4), 563 S.E.2d 135, 140-41 (2002). Where a policy is subject to multiple reasonable interpretations, "it is construed in the light most favorable to the insured and against the insurer." *Giddens v. Equitable Life Assur. Soc'y of U.S.*, 445 F.3d 1286, 1297 (11th Cir. 2006) (citations omitted).

Because interpretation of the Policy in such an action is a matter of law for the Court's determination, any discovery regarding the application and interpretation of the Policy is potentially irrelevant. *Khan*, 307 Ga. App. at 612 (1), 705 S.E.2d at 710; *see also, e.g., Westfield Ins. Co. v. Icon Legacy Custom Modular Homes*, 321 F.R.D. 107, 119 (M.D. Pa. 2017) (finding that discovery requests seeking extrinsic information concerning an insurance policy were "wholly irrelevant to a straightforward coverage determination [and] that might only bear marginal relevance even in a bad faith action"); *Diamond State Ins. Co. v. His House, Inc.*, No. 10-20039-COV, 2011 WL 146837, at *4 (S.D. Fla. Jan. 18, 2011) (denying insured's request to depose insurer's corporate witness in a declaratory relief action regarding interpretation of the insurance policy at issue because if the policy was found to be unambiguous, the court would interpret it as a matter of law without resort to extrinsic evidence, and if it was ambiguous, it would be interpreted strictly against the insurer). Further, discovery regarding the facts in the Underlying Lawsuit is not appropriate here because Ategrity's duty to defend is measured by the allegations of the Underlying Lawsuit. *Fireman's Fund Ins. Co. v. Univ. of Ga. Ath.*

*Ass'n*, 288 Ga. App. 355, 356, 654 S.E.2d 207, 209 (2007). Thus, because Ategrity's claims are limited to declaratory relief seeking interpretation of the Policy, there may be no discovery rights to assert.

Finally, no party has propounded any discovery that is outstanding at this time. Thus, no party would be prejudiced by an order staying discovery pending the outcome of Ategrity's motion. No defendant has indicated that it opposes the relief Ategrity seeks by this motion.

### IV.   Conclusion

Ategrity's Motion for Judgment on the Pleadings has the potential to dispose of some or all of the claims at issue in this action. Ategrity requests that the Court stay discovery in this action so that the parties are not forced to incur litigation costs during the pendency of its motion, which could significantly curtail the scope of discovery, to the extent that any is permissible at all. No party has expressed its opposition to the requested relief, and because no party has propounded any discovery in this action, no party would be prejudiced by an order staying this case. Thus, Ategrity respectfully requests that the Court enter an order staying discovery pending its decision on Ategrity's motion for judgment on the pleadings.

- 7 -

Respectfully submitted this the 30th day of January, 2026.

        **PHELPS DUNBAR LLP**

        BY:  */s/ Christy M. Maple*
             Christy M. Maple
             Georgia Bar No. 240807
             4300 Edwards Mill Road, Suite 600
             Raleigh, NC 27612
             Telephone: (919) 789-5300
             Facsimile: (919) 789-5301
             Email: christy.maple@phelps.com

             *Attorney for Plaintiff Ategrity Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Michael C. Kendall
mike@kendall-legal.com
Michael C. Kendall, II
michael@kendall-legal.com
John C. Kendall
chris@kendall-legal.com
KENDALL LEGAL, LLC
3152 Golf Ridge Blvd., Suite 201
Douglasville, Georgia 30135
T: (770) 577-3559
F: (770) 577-8113
*Counsel for Defendants Carson Loop ESM, LLC DBA Budgetel Hotel and Srinivas Bollepalli*

Peter A. Law
pete@lawmoran.com
E. Michael Moran
mike@lawmoran.com
Denise D. Hoying
denise@lawmoran.com
LAW & MORAN
563 Spring Street, NW
Atlanta, Georgia 30308
T: (404) 814-3700

Patrick J. McDonough
pmcdonough@atclawfirm.com
Jonathan S. Tonge
jtonge@atclawfirm.com
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Center
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
*Counsel for Defendant S.T.*

*/s/ Christy M. Maple*
Christy M. Maple, GA Bar No. 240807
christy.maple@phelps.com
*Attorney for Plaintiff/Counterclaim Defendant Ategrity Specialty Insurance Company*

PHELPS DUNBAR LLP
4300 Edwards Mills Rd., Suite 600
Raleigh, North Carolina 27612-3723
Telephone:  919-789-5300
Facsimile:   919-789-5301

- 8 -

## **LOCAL RULE 7.1 D CERTIFICATION**

I hereby certify that the foregoing was prepared in Times New Roman, 14-point font, in accordance with LR 7.1(D), NDGA.

This 30th day of January, 2026.

*/s/ Christy M. Maple*
Christy M. Maple
