4months,APPEAL,CLOSED,WMRLC3

## U.S. District Court
## Northern District of Georgia (Rome)
## CIVIL DOCKET FOR CASE #: <u>4:25−cv−00157−WMR</u>

| | |
|---|---|
| Ategrity Specialty Insurance Company v. Carson Loop ESM, LLC et al | Date Filed: 06/13/2025 |
| | Date Terminated: 04/30/2026 |
| Assigned to: Judge William M. Ray, II | Jury Demand: Defendant |
| Cause: 28:2201 Declaratory Judgment (Insurance) | Nature of Suit: 110 Insurance |
| | Jurisdiction: Diversity |

**<u>Plaintiff</u>**

**Ategrity Specialty Insurance Company**                represented by

ATTEST: A TRUE COPY
CERTIFIED THIS

Date: Apr 30 2026

KEVIN P. WEIMER, Clerk

By: Jill Ayers
      Deputy Clerk

**Inna Kogan**
Lewis Brisbois Bisgaard & Smith, LLP
600 Peachtree Street NE
Suite 4700
Atlanta, GA 30308
404−991−2165
Email: inna.kogan@lewisbrisbois.com
*TERMINATED: 09/26/2025*
*LEAD ATTORNEY*

**Seth M. Friedman**
Lewis, Brisbois, Bisgaard & Smith,
LLP−ATL
600 Peachtree Street, NE
Suite 4700
Atlanta, GA 30308
404−348−8585
Fax: 404−467−8845
Email: seth.friedman@lewisbrisbois.com
*TERMINATED: 09/26/2025*
*LEAD ATTORNEY*

**Christy M. Maple**
Phelps Dunbar LLP
4300 Edwards Mill Road
Suite 600
Raleigh, NC 27612
919−789−5300
Fax: 919−789−5301
Email: christy.maple@phelps.com
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**Carson Loop ESM, LLC**                represented by    **John Christian Kendall**
*doing business as*                Kendall Legal, LLC

1

Budgetel Hotel

3152 Golf Ridge Blvd.
Suite 201
Douglasville, GA 30135
770–577–3559
Fax: 770–577–8113
Email: chris@kendall–legal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael C. Kendall , II**
Kendall Legal, LLC
3152 Golf Ridge Drive
Ste 201
Douglasville, GA 30135
770–577–3559
Email: michael@kendall–legal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael C. Kendall**
Kendall Legal, LLC
3152 Golf Ridge Boulevard
Suite 201
Douglasville, GA 30135
770–577–3559
Fax: 770–577–8113
Email: mike@kendall–legal.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Srinivas Bollepalli**                 represented by **John Christian Kendall**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael C. Kendall , II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael C. Kendall**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**S.T.**                                 represented by **E. Michael Moran**
Law & Moran
563 Spring St., N.W.
Atlanta, GA 30308
404–814–3700
Fax: 404–842–7710

Email: mike@lawmoran.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Tonge**
Andersen, Tate & Carr, PC
One Sugarloaf Centre
1960 Satellite Blvd.
Suite 4000
Duluth, GA 30097
770−822−0900
Email: jtonge@atclawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick J. McDonough**
Andersen, Tate & Carr, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard
Suite 4000
Duluth, GA 30097
770−822−0900
Email: pmcdonough@atclawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter A. Law**
Law & Moran
563 Spring St., N.W.
Atlanta, GA 30308
404−814−3700
Email: pete@lawmoran.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Denise Hoying**
Law & Moran
563 Spring St., N.W.
Atlanta, GA 30308
404−814−3700
Email: denise@lawmoran.com
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Srinivas Bollepalli**                    represented by   **John Christian Kendall**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael C. Kendall , II**
(See above for address)
*LEAD ATTORNEY*

3

*ATTORNEY TO BE NOTICED*

**Michael C. Kendall**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Carson Loop ESM, LLC**                    represented by    **John Christian Kendall**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael C. Kendall , II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael C. Kendall**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Ategrity Specialty Insurance Company**     represented by    **Inna Kogan**
(See above for address)
*TERMINATED: 09/26/2025*
*LEAD ATTORNEY*

**Seth M. Friedman**
(See above for address)
*TERMINATED: 09/26/2025*
*LEAD ATTORNEY*

**Christy M. Maple**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Srinivas Bollepalli**                      represented by    **John Christian Kendall**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael C. Kendall , II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael C. Kendall**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Carson Loop ESM, LLC**                represented by   **John Christian Kendall**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael C. Kendall , II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael C. Kendall**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Ategrity Specialty Insurance Company**       represented by   **Inna Kogan**
(See above for address)
*TERMINATED: 09/26/2025*
*LEAD ATTORNEY*

**Seth M. Friedman**
(See above for address)
*TERMINATED: 09/26/2025*
*LEAD ATTORNEY*

**Christy M. Maple**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/13/2025 | 1 | COMPLAINT FOR DECLARATORY JUDGMENT filed by Ategrity Specialty Insurance Company. (Filing fee $405, receipt number AGANDC–14374684) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Civil Cover Sheet)(tmf) Please visit our website at http://www.gand.uscourts.gov/commonly–used–forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 06/13/2025) |
| 06/13/2025 | 2 | Certificate of Interested Persons and Corporate Disclosure Statement by Ategrity Specialty Insurance Company identifying Corporate Parent Ategrity Specialty Holdings LLC, Corporate Parent Zimmer Financial Services Group LLC for Ategrity Specialty Insurance Company. (tmf) (Entered: 06/13/2025) |
| 06/13/2025 | 3 | Electronic Summons Issued as to Srinivas Bollepalli, Carson Loop ESM, LLC. (Attachments: # 1 Summons Srinivas Bollepalli)(tmf) (Entered: 06/13/2025) |

| 06/16/2025 | 4 | PROPOSED SUMMONS filed by Ategrity Specialty Insurance Company *Summons for S.T/ c/o Peter A. Law* (Kogan, Inna) (Entered: 06/16/2025) |
|---|---|---|
| 06/17/2025 | 5 | Electronic Summons Issued as to S.T.. (tmf) (Entered: 06/17/2025) |
| 07/28/2025 | 6 | Return of Service Executed by Ategrity Specialty Insurance Company. Carson Loop ESM, LLC served on 7/25/2025, answer due 8/15/2025. (Friedman, Seth) (Entered: 07/28/2025) |
| 07/28/2025 | 7 | Return of Service Executed by Ategrity Specialty Insurance Company. Srinivas Bollepalli served on 7/25/2025, answer due 8/15/2025. (Friedman, Seth) (Entered: 07/28/2025) |
| 07/30/2025 | 8 | WAIVER OF SERVICE Returned Executed by Ategrity Specialty Insurance Company. S.T. waiver mailed on 7/29/2025, answer due 9/29/2025. (Friedman, Seth) (Entered: 07/30/2025) |
| 08/11/2025 | 9 | First AMENDED COMPLAINT against All Defendants filed by Ategrity Specialty Insurance Company. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Kogan, Inna) Please visit our website at http://www.gand.uscourts.gov/commonly−used−forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 08/11/2025) |
| 08/13/2025 | 10 | ANSWER to 9 AMENDED COMPLAINT ( Discovery ends on 1/12/2026.), COUNTERCLAIM against Ategrity Specialty Insurance Company by Srinivas Bollepalli, Carson Loop ESM, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Kendall, Michael) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. Modified on 9/5/2025 to edit links (tmf). (Entered: 08/13/2025) |
| 08/14/2025 | 11 | Notice for Leave of Absence for the following date(s): August 29, 2025 through and including September 8, 2025; November 21, 2025 through and including December 1, 2025; December 19, 2025 through and including January 5, 2026, by Michael C. Kendall. (Kendall, Michael) (Entered: 08/14/2025) |
| 08/14/2025 | 12 | Notice for Leave of Absence for the following date(s): August 29, 2025 through and September 8, 2025, November 21, 2025 through and including December 1, 2025, December 19, 2025 through and including January 5, 2026, by Michael C. Kendall, II. (Kendall, Michael) (Entered: 08/14/2025) |
| 08/15/2025 | 13 | Certificate of Interested Persons and Corporate Disclosure Statement by Srinivas Bollepalli, Carson Loop ESM, LLC. (Kendall, Michael) (Entered: 08/15/2025) |
| 08/20/2025 | 14 | Joint MOTION for Extension of Time Response to Counterclaim and Reset Deadlines Under Local Rules by Ategrity Specialty Insurance Company. (Attachments: # 1 Exhibit A − Proposed Order)(Friedman, Seth) Modified on 8/20/2025 to edit relief(tmf). (Entered: 08/20/2025) |
| 08/20/2025 | 15 | CONSENT ORDER ON JOINT MOTION TO EXTEND TIME TO RESPOND TO COUNTERCLAIM AND RESET DEADLINES UNDER LOCAL RULES: Currently before the Court is the Joint Motion to Extend Time to Respond to Counterclaim and Reset Deadlines Under Local Rules. After review and for good cause shown, it is hereby ORDERED as follows: 1. Plaintiff Ategrity Specialty Insurance Company shall have up to and through September 10, 2025 to file a responsive pleading to the counterclaims filed by Defendants Carson Loop ESM, LLC and Srinivas Bollepalli (Doc. 8); 2. All deadlines in the Local Rules based on the appearance of the defendant |

| | | |
|---|---|---|
| | | by answer or motion, shall be calculated from the date that S.T. files her responsive pleading or September 29, 2025, whichever occurs first. 3. Further, the date to be used to calculate the beginning of the discovery period under LR 26.2(A) be calculated from the date that S.T. files her answer or September 29, 2025, whichever occurs first. Signed by Judge William M. Ray, II on 8/20/2025. (tmf) (Entered: 08/20/2025) |
| 09/05/2025 | 16 | Second MOTION for Extension of Time to to Respond to Counterclaim *Second Joint Motion to Extend Time to Respond to Counterclaim* by Ategrity Specialty Insurance Company. (Attachments: # 1 Exhibit A – Proposed Order)(Kogan, Inna) Modified on 9/5/2025 to edit text and relief (tmf). (Entered: 09/05/2025) |
| 09/05/2025 | 17 | CONSENT ORDER ON JOINT MOTION TO EXTEND TIME TO RESPOND TO COUNTERCLAIM: Currently before the Court is the Second Joint Motion to Extend Time to Respond to Counterclaim. After review and for good cause shown, it is hereby ORDERED that Plaintiff Ategrity Specialty Insurance Company shall have up to and through October 1, 2025 to file a responsive pleading to the counterclaims filed by Defendants Carson Loop ESM, LLC and Srinivas Bollepalli (Doc. 8 ). Signed by Judge William M. Ray, II on 9/5/2025. (tmf) (Entered: 09/05/2025) |
| 09/12/2025 | 18 | ACKNOWLEDGMENT OF SERVICE Executed filed by Ategrity Specialty Insurance Company. Srinivas Bollepalli served on 9/8/2025; Carson Loop ESM, LLC served on 9/8/2025. (Kogan, Inna) (Entered: 09/12/2025) |
| 09/12/2025 | 19 | MOTION for Extension of Time to Respond to First Amended Complaint re: 9 Amended Complaint, by Srinivas Bollepalli, Carson Loop ESM, LLC. (Attachments: # 1 Exhibit A – Proposed Order)(Kendall, Michael) Modified on 9/15/2025 to edit event selected (dob). (Entered: 09/12/2025) |
| 09/15/2025 | 20 | ORDER granting 19 Motion for Extension of Time to Answer re 9 Amended Complaint. Srinivas Bollepalli Answer due 10/1/2025; Carson Loop ESM, LLC Answer due 10/1/2025. Signed by Judge William M. Ray, II on 9/15/2025. (dob) (Entered: 09/15/2025) |
| 09/26/2025 | 21 | Certification of Consent to Substitution of Counsel. Christy M. Maple replacing attorney Seth M. Friedman and Inna Kogan. (Maple, Christy) (Entered: 09/26/2025) |
| 09/29/2025 | 22 | Joint MOTION for Extension of Time To Respond To Defendants' Counterclaims And Plaintiff's First Amended Complaint re: 9 Amended Complaint, 10 Answer to Complaint,, Counterclaim, by Ategrity Specialty Insurance Company, Ategrity Specialty Insurance Company. (Attachments: # 1 Exhibit A – Proposed Order)(Maple, Christy) (Entered: 09/29/2025) |
| 09/29/2025 | 23 | ORDER granting 22 Motion for Extension of Time through 10/15/25 for Plaintiff to respond to the 10 counterclaims and Defendants Carson Loop ESM, LLC and Srinivas Bollapalli have until 10/15/25 to file a responsive pleading to the 9 Amended Complaint. Signed by Judge William M. Ray, II on 9/29/25. (jpa) (Entered: 09/29/2025) |
| 09/29/2025 | | Set Deadlines/Hearings: Ategrity Specialty Insurance Company answer to counterclaim due 10/15/2025; Srinivas Bollepalli and Carson Loop ESM, LLC answer due 10/15/2025. (jpa) (Entered: 09/29/2025) |
| 09/29/2025 | 24 | ANSWER to 9 Amended Complaint by S.T..(Hoying, Denise) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 09/29/2025) |
| 09/29/2025 | 25 | |

| | | |
|---|---|---|
| | | Certificate of Interested Persons and Corporate Disclosure Statement by S.T.. (Hoying, Denise) (Entered: 09/29/2025) |
| 10/15/2025 | 26 | *Ategrity Specialty Ins. Co.* ANSWER to 10 Counterclaim by Ategrity Specialty Insurance Company.(Maple, Christy) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 10/15/2025) |
| 10/15/2025 | 27 | ANSWER to 9 Amended Complaint , COUNTERCLAIM *of Defendants Carson Loop ESM, LLC DBA Budgetel Hotel and Srinivas Bollepalli* against Ategrity Specialty Insurance Company by Srinivas Bollepalli, Carson Loop ESM, LLC.(Kendall, Michael) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 10/15/2025) |
| 10/28/2025 | 28 | ANSWER to 27 Counterclaim by Ategrity Specialty Insurance Company.(Maple, Christy) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 10/28/2025) |
| 10/28/2025 | 29 | JOINT PRELIMINARY REPORT AND DISCOVERY PLAN filed by Ategrity Specialty Insurance Company, Ategrity Specialty Insurance Company, Ategrity Specialty Insurance Company. (Maple, Christy) (Entered: 10/28/2025) |
| 10/29/2025 | 30 | Initial Disclosures by Srinivas Bollepalli, Carson Loop ESM, LLC.(Kendall, Michael) (Entered: 10/29/2025) |
| 10/29/2025 | 31 | Initial Disclosures by Ategrity Specialty Insurance Company. (Attachments: # 1 Exhibit Attachment E – copy of insurance policy)(Maple, Christy) (Entered: 10/29/2025) |
| 10/29/2025 | 32 | Initial Disclosures by S.T..(Hoying, Denise) (Entered: 10/29/2025) |
| 11/25/2025 | 33 | MOTION for Judgment on the Pleadings with Brief In Support by Ategrity Specialty Insurance Company, Ategrity Specialty Insurance Company, Ategrity Specialty Insurance Company. (Attachments: # 1 Brief)(Maple, Christy) (Entered: 11/25/2025) |
| 12/03/2025 | 34 | Joint MOTION for Extension of Time of Deadlines re: 33 MOTION for Judgment on the Pleadings by Srinivas Bollepalli, Carson Loop ESM, LLC. (Attachments: # 1 Exhibit A – Proposed Order)(Kendall, Michael) (Entered: 12/03/2025) |
| 12/03/2025 | 35 | ORDER granting 34 Motion for Extension of Time through 12/23/25 for defendants to file a responsive pleading to the 33 MOTION for Judgment on the Pleadings and plaintiff shall have until 1/20/26 to file a reply. Signed by Judge William M. Ray, II on 12/3/25. (jpa) (Entered: 12/03/2025) |
| 12/23/2025 | 36 | RESPONSE in Opposition re 33 MOTION for Judgment on the Pleadings filed by Srinivas Bollepalli, Carson Loop ESM, LLC. (Kendall, Michael) (Entered: 12/23/2025) |
| 01/20/2026 | 37 | NOTICE of Filing Exhibit A to Its Brief In Support Of Its 33 Motion For Judgment On The Pleadings by Ategrity Specialty Insurance Company (Attachments: # 1 Exhibit A – First Amended Underlying Complaint)(Maple, Christy) Modified on 1/21/2026 to link document to motion (jpa). (Entered: 01/20/2026) |
| 01/20/2026 | 38 | REPLY to Response to Motion re 33 MOTION for Judgment on the Pleadings filed by Ategrity Specialty Insurance Company, Ategrity Specialty Insurance Company, Ategrity Specialty Insurance Company. (Attachments: # 1 Exhibit A – Underlying Amended Complaint)(Maple, Christy) (Entered: 01/20/2026) |
| 01/21/2026 | | |

8

| | | |
|---|---|---|
| | | Submission of 33 MOTION for Judgment on the Pleadings , to District Judge William M. Ray II. (jpa) (Entered: 01/21/2026) |
| 01/23/2026 | 39 | Notice for Leave of Absence for the following date(s): 03/27/2026 – 04/03/2026, 07/06/2026 – 07/10/2026, by Christy M. Maple. (Maple, Christy) (Entered: 01/23/2026) |
| 01/29/2026 | 40 | Request for Leave of Absence for the following date(s): April 3, 2026, April 6, 2026, May 7, 8, and 11, 2026, June 5, 2026, June 8, 9, and 10, 2026, July 6 and 7, 2026, August 3, 2026 up and through August 7, 2026, by Peter A. Law. (Law, Peter) (Entered: 01/29/2026) |
| 01/30/2026 | 41 | MOTION to Stay *Discovery* with Brief In Support by Ategrity Specialty Insurance Company, Ategrity Specialty Insurance Company, Ategrity Specialty Insurance Company. (Attachments: # 1 Text of Proposed Order)(Maple, Christy) (Entered: 01/30/2026) |
| 02/02/2026 | 42 | ORDER GRANTING 41 Motion to Stay Discovery. Signed by Judge William M. Ray, II on 2/2/2026. (cnw) (Entered: 02/02/2026) |
| 02/02/2026 | 43 | NOTICE of Hearing on Motion re: 33 MOTION for Judgment on the Pleadings Motion Hearing set for 2/23/2026 at 01:30 PM in ATLA Courtroom 1705 before Judge William M. Ray II. Each side shall submit prior to the start of the hearing, a proposed order which includes findings of fact and conclusions of law for each motion being heard. Orders should be submitted by email to: sherri_lundy@gand.uscourts.gov. (cnw) (Entered: 02/02/2026) |
| 02/16/2026 | 44 | Notice for Leave of Absence for the following date(s): March 23, 2026 through and including April 6, 2026; May 25, 2026 through and including June 5, 2026; July 3, 2026 through and including July 13, 2026; November 20, 2026 through and including December 1, 2026; December 21, 2026 through and including January 4, 2027, by Michael C. Kendall. (Kendall, Michael) (Entered: 02/16/2026) |
| 02/23/2026 | 45 | Minute Entry for proceedings held before Judge William M. Ray, II: Motion Hearing held on 2/23/2026 re 33 MOTION for Judgment on the Pleadings filed by Ategrity Specialty Insurance Company. Court heard oral argument on Motion for Judgment on Pleadings [Doc 33] and will issue written order sometime after the end of March. (Court Reporter Geraldine Glover)(tas) (Entered: 02/23/2026) |
| 03/30/2026 | 46 | ORDER GRANTING (33) Motion for Judgment on the Pleadings in case 4:25–cv–00157–WMR and GRANTING (29) Motion for Judgment on the Pleadings in case 4:25–cv–00158–WMR. Signed by Judge William M. Ray, II on 3/30/2026. (cnw) (Entered: 03/30/2026) |
| 03/31/2026 | 47 | Notice for Leave of Absence for the following date(s): May 28, 2026 – June 9, 2026, by Patrick J. McDonough. (McDonough, Patrick) (Entered: 03/31/2026) |
| 04/03/2026 | 48 | Notice for Leave of Absence for the following date(s): April 4–April 11, 2026; May 31–June 10, 2026, by Jonathan Tonge. (Tonge, Jonathan) (Entered: 04/03/2026) |
| 04/29/2026 | 49 | NOTICE OF APPEAL as to 46 Order on Motion for Judgment on the Pleadings, by Srinivas Bollepalli, Carson Loop ESM, LLC. Case Appealed to USCA – 11th Circuit. Filing fee $ 605, receipt number AGANDC–15200213. Transcript Order Form due on 5/13/2026 (Kendall, Michael) (Entered: 04/29/2026) |
| 04/30/2026 | 50 | |

| | | |
|---|---|---|
| | | CLERK'S JUDGMENT that the defendant take nothing; that the plaintiff recover its costs of this action; and the action be, and the same hereby is, dismissed. (cnw)−−Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist−− (Entered: 04/30/2026) |
| 04/30/2026 | | Civil Case Terminated. (cnw) (Entered: 04/30/2026) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| ATEGRITY SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CARSON LOOP ESM, LLC, et al.,<br><br>Defendants. | CIVIL ACTION NO.<br>4:25-cv-00157-WMR<br>4:25-cv-00158-WMR |



ATTEST: A TRUE COPY
CERTIFIED THIS

Date: Apr 30 2026

KEVIN P. WEIMER, Clerk

By: Jill Ayers

Deputy Clerk

**ORDER**

Ategrity Specialty Insurance Company filed these actions, seeking declarations that, under its Commercial General Liability Policy, it does not owe a duty to defend or indemnify its insureds, Carson Loop ESM, LLC and Srinivas Bollepalli, for the claims asserted by S.T. and A.H. in the underlying actions. Ategrity now moves for judgment on the pleadings, arguing that it does not have a duty to defend or indemnify Carson Loop or Bollepalli because the policy's "human trafficking" exclusion applies to S.T. and A.H.'s claims. The Court agrees with Ategrity and **GRANTS** its motions for judgment on the pleadings.

1

# I. BACKGROUND

## A.

In their underlying lawsuits, S.T. and A.H. both allege that they were victims of a human trafficking venture at the Budgetel hotel in Cartersville, Georgia that involved hotel staff, including hotel manager Shreesh Tiwari and a maintenance worker who supplied victims with drugs. According to both S.T. and A.H., Tiwari was eventually arrested and pled guilty to sex trafficking charges in 2023.

On September 19, 2024, S.T. and A.H. filed lawsuits against Carson Loop ESM, LLC and Srinivas Bollepalli (collectively, the insureds). Carson Loop is the limited liability company doing business as Budgetel. Bollepalli is the sole member of Carson Loop. Both S.T. and A.H. allege that the insureds acted negligently and violated the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1595(a).

In her complaint, S.T. alleges that she was staying at the hotel as part of a rapid rehousing program when Tiwari began making sexual comments and advances toward her. She alleges that Tiwari threatened her with eviction from the hotel unless she performed sexual acts on him and other guests, effectively detaining her through coercion and threats that caused her to fear for her safety. S.T. further alleges that she eventually escaped from the hotel, reported the conduct to police, and was evicted after Tiwari learned of her report.

2

A.H.'s complaint alleges similar coercive conduct. She claims that she lived at the hotel while working as a housekeeper, with her wages applied toward rent. She alleges that Tiwari forced her to work long hours, seven days a week. She further alleges that Tiwari made sexual advances toward her, isolated her from others, and used threats to coerce her to remain at the hotel and perform labor and sexual acts.

Both S.T. and A.H. claim that the insureds benefited from this activity. They claim that the insureds "receiv[ed] … revenue generated by the operation of the Budgetel, including the revenue generated for the rooms in which [S.T. and A.H.] [were] living and trafficked." According to S.T. and A.H., the insureds "knew or should have known that the hotel venture violated the TVPRA" because "their employee and manager Shreesh Tiwari … actively sex trafficked [S.T. and A.H.] and other victims at the Budgetel during the course and scope of his employment" by means of "force, fraud, and coercion." S.T. and A.H. also contend that the insureds "knew or should have known that the hotel venture violated the TVPRA" because they "provid[ed] to [Tawari] the necessary venue for [S.T. and A.H.'s] sex trafficking and access to [S.T. and A.H.] with no supervision." And, in S.T. and A.H.'s view, the insureds "knew or should have known of other sex trafficking and sex crimes at the hotel before and while [S.T. and A.H. were] trafficked for sex at the Budgetel."

B.

Ategrity issued a Commercial General Liability Policy to the insureds, effective December 12, 2020 through December 12, 2021. Under Coverage A of the policy, Ategrity provided coverage for damages arising out of "bodily injury" and "property damage." Under Coverage B of the policy, Ategrity provided coverage for "personal and advertising injury," which includes injuries that stem from one or more enumerated offenses. The policy also contained a provision that excludes coverage for claims "arising out of, related to, caused by, contributed to by, or in any way connected with" human trafficking. The policy defined "human trafficking" as "transporting, soliciting, recruiting, harboring, providing, enticing, maintaining or obtaining another person for the purpose of exploitation of that person."

C.

Ategrity filed these declaratory actions against the insureds, S.T., and A.H., seeking a declaration that it has no duty to defend or indemnify the insureds against S.T. and A.H.'s claims because neither Coverage A nor Coverage B is implicated and multiple policy exclusions apply. In response, the insureds filed answers, asserting affirmative defenses and counterclaims for breach of contract.[1] S.T. and A.H. also

---

[1] In Case No. 4:25-cv-00158, the insureds' amended answer also asserts counterclaims for declaratory judgment and conflict of interest. The insureds included these additional counterclaims in their original answer in Case No. 4:25-cv-00157 but omitted them from the answer to the amended complaint filed on October 15, 2025. In their responses in opposition to Ategrity's motions for judgment on the pleadings in both cases, the insureds address only their breach-of-contract counterclaim.

4

filed answers and asserted affirmative defenses. Ategrity then moved for judgment on the pleadings solely on the basis that the "human trafficking" exclusion applies. The insureds oppose the motions, arguing that Ategrity has a duty to defend them in the underlying lawsuits and that Ategrity is liable for breach of contract. This is the Court's order on Ategrity's motions for judgment on the pleadings.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) authorizes a party to "move for judgment on the pleadings" "[a]fter the pleadings are closed … but early enough not to delay trial." "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). "In determining whether a party is entitled to judgment on the pleadings, [the district court] accept[s] as true all material facts alleged in the non-moving party's pleading, and view[s] those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).

## III. DISCUSSION

The insureds argue that because S.T. and A.H. allege claims for negligence, premises liability, and false imprisonment, which are covered claims, Ategrity is obligated to defend and indemnify the insureds against S.T. and A.H.'s actions. Specifically, the insureds argue that S.T. and A.H.'s underlying complaints include

5

allegations that "fall within the definitions of 'bodily injury' … and 'personal and advertising injury' … thus triggering the … insuring agreement and the corresponding duty to defend." In response, Ategrity argues that all the claims asserted by S.T. and A.H. in their underlying complaints "arise out of and seek damages directly resulting from or derivatively of [S.T. and A.H.'s] sex and labor trafficking" at the Budgetel and, therefore, Ategrity has no duty to defend or indemnify the insureds in the underlying lawsuits.

"Insurance in Georgia is a matter of contract and the parties to the contract of insurance are bound by its plain and unambiguous terms." *Patterson v. United Servs. Auto. Ass'n*, 375 Ga. App. 821, 823 (2025). "Construction of the contract, at the outset, is a question of law for the court." *Progressive Mountain Ins. Co. v. Vining*, 373 Ga. App. 663, 665 (2024).

Applying Georgia law, federal courts "must enforce an unambiguous contract as written." *Thornton v. Georgia Farm Bureau Mut. Ins. Co.*, 287 Ga. 379, 384 (2010). This is because the judiciary lacks "the authority to interpret, rewrite, or change the terms of an unambiguous insurance policy." *Allstate Fire & Cas. Ins. Co. v. Rothman*, 332 Ga. App. 670, 674 n.3 (2015) (alterations adopted) (internal quotation marks omitted). These principles apply with equal force to "exclusions in insurance policies," even though exclusions are usually "strictly construed against the insurer." *Fid. Nat. Title Ins. Co. of New York v. OHIC Ins. Co.*, 275 Ga. App. 55,

57 (2005). An exclusion "that is plain and unambiguous binds the parties to its terms and must be given effect, even if beneficial to the insurer and detrimental to the insured." *Id.*

The question presented by these motions is whether Ategrity has a duty to defend or indemnify the insureds in the underlying lawsuits filed by S.T. and A.H. Because "the duty to defend and the duty to indemnify are discrete obligations," *S. Tr. Ins. Co. v. Mountain Express Oil Co.*, 351 Ga. App. 117, 121 (2019), and because the issue of indemnification does not ripen until an underlying lawsuit is resolved, *see Am. Fid. & Cas. Co. v. Penn. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960), the Court considers only whether Ategrity has a duty to defend at this stage.[2]

"[A]n insurer's duty to defend turns on the language of the insurance contract and the allegations of the complaint asserted against the insured." *Scott v. Gov't Employees Ins. Co.*, 305 Ga. App. 153, 155 (2010) (alterations adopted). Under Georgia law, "where the claims as alleged in the complaint potentially fall within the policy coverage," the insurer has a duty to defend the insured in the underlying action. *Mountain Express*, 351 Ga. App. at 121. However, "[w]here the complaint

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit that were handed down by that court prior to the close of business on September 30, 1981 are binding on this Court. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

filed against the insured does not assert any claims upon which there would be insurance coverage, the insurer is justified in refusing to defend the insured's lawsuit." *C. Ingram Co. v. Philadelphia Indem. Ins. Co.*, 303 Ga. App. 548, 551 (2010).

Turning to the operative complaints in the underlying lawsuits,[3] the Court must determine whether the S.T. and A.H.'s allegations relating to their negligence, premises liability, false imprisonment, and other tort claims trigger coverage under the "bodily injury" and "personal and advertising injury" provisions or trigger the "human trafficking" exclusion. For the reasons below, the Court concludes that the "human trafficking" exclusion applies to all of S.T. and A.H.'s claims.

In their negligence counts, both S.T. and A.H. tie the allegations to their human trafficking claims. For instance, S.T. and A.H. both allege that the insureds "negligently failed to remedy, prevent or report [their] trafficking, and negligently hired, trained, retained, and supervised their agents and employees, including manager Shreesh Tiwari." S.T. and A.H. assert that the insureds "controlled the operation and management of the Budgetel and had the legal duty to keep the premises in a state consistent with due regard for the safety of their invitees." Yet,

---

[3] With respect to Case No. 4:25-cv-00157, the Court takes judicial notice of S.T.'s amended complaint in the underlying lawsuit and looks to the allegations in that pleading to determine whether the "human trafficking" exclusion applies. *See* Fed. R. Evid. 201; *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records.").

according to S.T. and A.H., the insureds "breached the duty owed to [them] by failing to exercise ordinary care to keep the[] premises safe … and negligently permitting criminal activity, especially sex and labor trafficking, to exist and remain at the Budgetel." And, S.T. and A.H. allege that the insureds "are liable for [their] false imprisonment at the Budgetel" because they were "unlawfully detained at the Budgetel by and through [the insureds'] manager Tiwari's threats, coercion, and isolation … , causing [S.T. and A.H.] to reasonably fear for [their] physical safety if [they] did not submit to his demands to remain at the Budgetel."

These negligence allegations, along with the others, clearly rest on S.T. and A.H.'s central claim that they were victims of human trafficking. Because suits for damages "arising out of, related to, caused by, contributed to by, or in any way connected with" human trafficking are unambiguously excluded from coverage under the policy, Ategrity has no duty to defend the insureds. *See Bruce v. Georgia-Pac., LLC*, 326 Ga. App. 595, 601 (2014) ("To excuse the duty to defend the [complaint] must unambiguously exclude coverage under the policy." (alterations adopted)).

The insureds resist this conclusion. To begin, they contend that Ategrity isn't entitled to judgment on the pleadings because "the pleadings reflect conflicting allegations, affirmative defenses, and … unresolved counterclaim[s]." This argument fails. In Georgia, an insurance company's duty to defend an insured is

9

determined from "the language of the policy as compared with the allegations of the complaint," *Hoover v. Maxum Indem. Co.*, 291 Ga. 402, 407–08 (2012), not the insured's version of the facts, the insured's counterclaims, or the insured's affirmative defenses.

The insureds also argue that S.T. and A.H. have pleaded "stand-alone tort[s] under Georgia law" that "do[] not require proof of trafficking, commercial sex acts, or participation in a trafficking venture" and those claims "exist[] independently of any trafficking theory." This argument fails because S.T. and A.H.'s tort claims, at a minimum, "aris[e] out of" human trafficking, and the policy unambiguously excludes such claims from coverage. *See Video Warehouse, Inc. v. S. Tr. Ins. Co.*, 297 Ga. App. 788, 791–92 (2009) (explaining that Georgia courts have "acknowledged [a] very broad interpretation of the words 'arose out of' found in the exclusion clauses of different policies and have accordingly excluded coverage for any tort theories, regarding of their nomenclature, that seek recovery for injuries that have their origin in the excluded conduct" (cleaned up)).

The insureds next argue that judgment on the pleadings is inappropriate because "the purported exclusion at issue has not been interpreted nor applied by the courts." In Georgia, an exclusion that is "plain and unambiguous binds the parties to its terms and must be given effect," even in cases that "present question[s] of first

10

impression." *Manning v. USF&G Ins. Co.*, 264 Ga. App. 102, 103 (2003). So, this argument also fails.

Finally, the insureds assert that, because "Ategrity had a duty to defend the [underlying lawsuits] from [their] inception but failed to do so … a viable breach of contract claim exists" against Ategrity. However, as demonstrated above, Ategrity owes no duty to defend the insureds against S.T. and A.H.'s claims. Therefore, there is no breach of contract, and this argument fails. *See APAC-Georgia, Inc. v. Dep't of Transp.*, 221 Ga. App. 604, 607 (1996) ("In the absence of a contractual duty, there can be no breach of contract.").

## IV. CONCLUSION

The Court **GRANTS** Ategrity's motions for judgment on the pleadings.

**IT IS SO ORDERED**, this 30th day of March, 2026.



WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

11

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

ATEGRITY SPECIALTY
INSURANCE COMPANY,

     Plaintiff,

v.

CARSON LOOP ESM, LLC DBA
BUDGETEL HOTEL, SRINIVAS
BOLLEPALLI AND S.T.,

     Defendants.

Civil Action
File No.:  4:25-CV-00157-WMR

## NOTICE OF APPEAL

Notice is hereby given that Defendants Carson Loop ESM, LLC d/b/a Budgetel Hotel and Srinivas Bollepalli appeal to the United States Court of Appeals for the Eleventh Circuit, from the Order filed on March 30, 2026 [Doc. 46]. Defendants hereby request that the district court clerk notify all interested parties and forward the entire Record to the Clerk for the United States Court of Appeals for the Eleventh Circuit. All required fees will be paid to this Court.

*[Signature on following page.]*

22

This 29th day of April, 2026.

Respectfully submitted,

KENDALL LEGAL, LLC

/s/ Michael C. Kendall, II
Michael C. Kendall
Georgia Bar No. 414030
Michael C. Kendall, II
Georgia Bar No. 510402
J. Chris Kendall
Georgia Bar No. 156155
*Attorneys for Defendants*
*Carson Loop ESM, LLC DBA*
*Budgetel Hotel and Srinivas Bollepalli*

3152 Golf Ridge Blvd., Suite 201
Douglasville, Georgia 30135
Telephone:   (770) 577-3559
Facsimile:    (770) 577-8113
mike@kendall-legal.com
michael@kendall-legal.com
chris@kendall-legal.com

-2-

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

ATEGRITY SPECIALTY
INSURANCE COMPANY,

     Plaintiff,

v.

CARSON LOOP ESM, LLC DBA
BUDGETEL HOTEL, SRINIVAS
BOLLEPALLI AND S.T.

     Defendants.

Civil Action
File No.:  4:25-CV-00157-WMR

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served or caused to be served a copy of the within and foregoing **Notice of Appeal** in this matter by electronically filing the same with the Court via the CM/ECF system to the following counsel of record:

Christy M. Maple, Esq.
PHELPS DUNBAR, LLP
4300 Edwards Mill Road, Suite 600
Raleigh, North Carolina 27612

Patrick J. McDonough, Esq.
Jonathan S. Tonge, Esq.
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097

Denise D. Hoying, Esq.
Peter A. Law, Esq.
E. Michael Moran, Esq.
LAW & MORAN
563 Spring Street, NW
Atlanta, Georgia 30308

This 29th day of April, 2026.

/s/ Michael C. Kendall, II
Michael C. Kendall, II

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

ATTEST: A TRUE COPY
CERTIFIED THIS

Date: Apr 30 2026

KEVIN P. WEIMER, Clerk

By: Jill Ayers

Deputy Clerk

ATEGRITY SPECIALTY INSURANCE
COMPANY,

        Plaintiff(s),

vs.

CARSON LOOP ESM, LLC, et al.,
        Defendant(s).

CIVIL ACTION FILE

NO.  4:25-cv-00157-WMR

## J U D G M E N T

This action having come before the court, Honorable William M, Ray, II., United States District Judge, for consideration of Plaintiff's Motion for Judgment on Pleadings, and the court having granted said motion, it is

**Ordered and adjudged** that the defendant take nothing; that the plaintiff recover its costs of this action; and the action be, and the same hereby is, **dismissed**.

Dated at Rome, Georgia, this 30th day of April, 2026.

KEVIN P. WEIMER
CLERK OF COURT

By:  s/Casey Womack
    Deputy Clerk

Prepared, Filed, and Entered
in the Clerk's Office
April 30, 2026
Kevin P. Weimer
Clerk of Court

By: s/Casey Womack
    Deputy Clerk