# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 07, 2026

John Christian Kendall
Kendall Legal, LLC
3152 GOLF RIDGE BLVD STE 201
DOUGLASVILLE, GA 30135

Michael C. Kendall
Kendall Legal, LLC
3152 GOLF RIDGE BLVD STE 201
DOUGLASVILLE, GA 30135

Michael C. Kendall II
Kendall Legal, LLC
3152 GOLF RIDGE BLVD STE 201
DOUGLASVILLE, GA 30135

Appeal Number:  26-11561-F
Case Style:  Ategrity Specialty Insurance Company, et al v. Carson Loop ESM, LLC
District Court Docket No:  4:25-cv-00157-WMR

## CIVIL DOCKETING NOTICE

The above-referenced appeal has been docketed in this Court. All documents filed in this appeal must include the Case Style and Appeal Number shown above.

<u>Appellant Requirements</u>
Unless the following requirements have already been satisfied, **within 14 days of the date of this notice the appellant MUST:**

1. Pay to the **District Court** the Filing Fee **OR** File a <u>Motion to Proceed In Forma Pauperis (IFP)</u> in the district court. <u>See</u> FRAP 3(e), FRAP 24.

   *If the filing fee is not paid and a motion to proceed IFP has not been filed in the district court within 14 days of the date of this notice, this appeal will be dismissed without further notice pursuant to 11th Cir. R. 42-1(b).*

*If the district court has denied the appellant IFP status on appeal, the appellant has 30 days from the date of the district court's order to file an IFP motion in this Court. See FRAP 24(a)(5).*

2.  File in the **District Court** a Transcript Order Form or a certificate stating no transcripts will be ordered. See FRAP 10(b) & the accompanying 11th Cir. IOP. (Not applicable in certain bankruptcy appeals. See FRAP 6(b)).

    *If no transcripts are ordered, appellant's brief is due 40 days after **04/30/2026**, except as otherwise provided by the rules. See 11th Cir. Rules 12-1 and 31-1.*

3.  File in this Court (Eleventh Circuit) a Certificate of Interested Persons and Corporate Disclosure Statement (CIP), **OR** file the CIP at the same time the appellant submits its first filing, **whichever is earlier**. See 11th Cir. R. 26.1-1(a)(1).

4.  Complete the Web-Based CIP (attorneys only). See 11th Cir. R. 26.1-1(b).

5.  File in this Court (Eleventh Circuit) Civil Appeal Statement (attorneys only). See 11th Cir. R. 33-1(a)(3).

Mediation
If a Civil Appeal Statement is required to be filed and the appeal is fully counseled on all sides, your appeal will be reviewed and considered for mediation. Mediation services are at no cost to the parties. If no Civil Appeal Statement is required or you or any party to the appeal is self-represented or *pro se* then the appeal is not eligible for mediation. See 11th Cir. R. 33-1.

Appellee Requirements
Unless the following requirements have already been satisfied, **within 28 days of the date of this notice, all appellees participating in this appeal MUST:**

1.  File in this Court (Eleventh Circuit) a CIP or a notice. See 11th Cir. R. 26.1-1(a)(2).

2.  Complete the Web-Based CIP (attorneys only). See 11th Cir. R. 26.1-1(b).

Attorney Participation
Only attorneys admitted to the bar of the Court and attorneys admitted for a particular proceeding may practice before the Court. See 11th Cir. Rules 46-1, 46-3, and 46-4. You may look up your bar admission status at https://www.ca11.uscourts.gov/bar-admission-status-look. The Application for Admission to the Bar and other forms and information can be found at https://www.ca11.uscourts.gov/attorney-forms-and-information.

All attorneys (except court-appointed attorneys) who wish to participate in this appeal must file an Appearance of Counsel Form within 14 days of the date of this notice. See 11th Cir. R. 46-6(b). Please also see FRAP 46 and the corresponding circuit rules.

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system,
unless exempted for good cause. Although not required, non-incarcerated pro se parties are
permitted to use the ECF system by registering for an account at www.pacer.gov. Information
and training materials related to electronic filing are available on the Court's website.

Obligation to Notify Court of Change of Addresses
Each pro se party and attorney has a continuing obligation to notify this Court of any changes to
the party???s or attorney???s addresses during the pendency of the case. See 11th Cir. R. 25-7.

Additional Information
Rules, forms, and additional information, including a handbook for pro se litigants, can be
found at www.ca11.uscourts.gov.

Clerk's Office Phone Numbers
General Information:    404-335-6100    Attorney Admissions:    404-335-6122
Case Administration:    404-335-6135    Capital Cases:    404-335-6200
CM/ECF Help Desk:    404-335-6125    Cases Set for Oral Argument: 404-335-6141

CIVIL - Notice of Docketing

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

ATEGRITY SPECIALTY
INSURANCE COMPANY,

    Plaintiff,

v.

CARSON LOOP ESM, LLC DBA
BUDGETEL HOTEL, SRINIVAS
BOLLEPALLI AND S.T.,

    Defendants.

Civil Action
File No.:  4:25-CV-00157-WMR

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that Defendants Carson Loop ESM, LLC d/b/a Budgetel Hotel and Srinivas Bollepalli appeal to the United States Court of Appeals for the Eleventh Circuit, from the Order filed on March 30, 2026 [Doc. 46]. Defendants hereby request that the district court clerk notify all interested parties and forward the entire Record to the Clerk for the United States Court of Appeals for the Eleventh Circuit. All required fees will be paid to this Court.

*[Signature on following page.]*

This 29th day of April, 2026.

Respectfully submitted,

KENDALL LEGAL, LLC


/s/ Michael C. Kendall, II
Michael C. Kendall
Georgia Bar No. 414030
Michael C. Kendall, II
Georgia Bar No. 510402
J. Chris Kendall
Georgia Bar No. 156155
*Attorneys for Defendants*
*Carson Loop ESM, LLC DBA*
*Budgetel Hotel and Srinivas Bollepalli*

3152 Golf Ridge Blvd., Suite 201
Douglasville, Georgia 30135
Telephone:   (770) 577-3559
Facsimile:    (770) 577-8113
mike@kendall-legal.com
michael@kendall-legal.com
chris@kendall-legal.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

ATEGRITY SPECIALTY
INSURANCE COMPANY,

     Plaintiff,

v.

CARSON LOOP ESM, LLC DBA
BUDGETEL HOTEL, SRINIVAS
BOLLEPALLI AND S.T.

     Defendants.

Civil Action
File No.:  4:25-CV-00157-WMR

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served or caused to be served a copy of the within and foregoing **Notice of Appeal** in this matter by electronically filing the same with the Court via the CM/ECF system to the following counsel of record:

Christy M. Maple, Esq.
PHELPS DUNBAR, LLP
4300 Edwards Mill Road, Suite 600
Raleigh, North Carolina 27612

Patrick J. McDonough, Esq.
Jonathan S. Tonge, Esq.
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097

Denise D. Hoying, Esq.
Peter A. Law, Esq.
E. Michael Moran, Esq.
LAW & MORAN
563 Spring Street, NW
Atlanta, Georgia 30308

This 29th day of April, 2026.

/s/ Michael C. Kendall, II
Michael C. Kendall, II

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

|  |  |
|---|---|
| ATEGRITY SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CARSON LOOP ESM, LLC, et al.,<br><br>Defendants. | CIVIL ACTION NO.<br>4:25-cv-00157-WMR<br>4:25-cv-00158-WMR |

## ORDER

Ategrity Specialty Insurance Company filed these actions, seeking declarations that, under its Commercial General Liability Policy, it does not owe a duty to defend or indemnify its insureds, Carson Loop ESM, LLC and Srinivas Bollepalli, for the claims asserted by S.T. and A.H. in the underlying actions. Ategrity now moves for judgment on the pleadings, arguing that it does not have a duty to defend or indemnify Carson Loop or Bollepalli because the policy's "human trafficking" exclusion applies to S.T. and A.H.'s claims. The Court agrees with Ategrity and **GRANTS** its motions for judgment on the pleadings.

1

## I. BACKGROUND

### A.

In their underlying lawsuits, S.T. and A.H. both allege that they were victims of a human trafficking venture at the Budgetel hotel in Cartersville, Georgia that involved hotel staff, including hotel manager Shreesh Tiwari and a maintenance worker who supplied victims with drugs. According to both S.T. and A.H., Tiwari was eventually arrested and pled guilty to sex trafficking charges in 2023.

On September 19, 2024, S.T. and A.H. filed lawsuits against Carson Loop ESM, LLC and Srinivas Bollepalli (collectively, the insureds). Carson Loop is the limited liability company doing business as Budgetel. Bollepalli is the sole member of Carson Loop. Both S.T. and A.H. allege that the insureds acted negligently and violated the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1595(a).

In her complaint, S.T. alleges that she was staying at the hotel as part of a rapid rehousing program when Tiwari began making sexual comments and advances toward her. She alleges that Tiwari threatened her with eviction from the hotel unless she performed sexual acts on him and other guests, effectively detaining her through coercion and threats that caused her to fear for her safety. S.T. further alleges that she eventually escaped from the hotel, reported the conduct to police, and was evicted after Tiwari learned of her report.

A.H.'s complaint alleges similar coercive conduct. She claims that she lived at the hotel while working as a housekeeper, with her wages applied toward rent. She alleges that Tiwari forced her to work long hours, seven days a week. She further alleges that Tiwari made sexual advances toward her, isolated her from others, and used threats to coerce her to remain at the hotel and perform labor and sexual acts.

Both S.T. and A.H. claim that the insureds benefited from this activity. They claim that the insureds "receiv[ed] … revenue generated by the operation of the Budgetel, including the revenue generated for the rooms in which [S.T. and A.H.] [were] living and trafficked." According to S.T. and A.H., the insureds "knew or should have known that the hotel venture violated the TVPRA" because "their employee and manager Shreesh Tiwari … actively sex trafficked [S.T. and A.H.] and other victims at the Budgetel during the course and scope of his employment" by means of "force, fraud, and coercion." S.T. and A.H. also contend that the insureds "knew or should have known that the hotel venture violated the TVPRA" because they "provid[ed] to [Tawari] the necessary venue for [S.T. and A.H.'s] sex trafficking and access to [S.T. and A.H.] with no supervision." And, in S.T. and A.H.'s view, the insureds "knew or should have known of other sex trafficking and sex crimes at the hotel before and while [S.T. and A.H. were] trafficked for sex at the Budgetel."

B.

Ategrity issued a Commercial General Liability Policy to the insureds, effective December 12, 2020 through December 12, 2021. Under Coverage A of the policy, Ategrity provided coverage for damages arising out of "bodily injury" and "property damage." Under Coverage B of the policy, Ategrity provided coverage for "personal and advertising injury," which includes injuries that stem from one or more enumerated offenses. The policy also contained a provision that excludes coverage for claims "arising out of, related to, caused by, contributed to by, or in any way connected with" human trafficking. The policy defined "human trafficking" as "transporting, soliciting, recruiting, harboring, providing, enticing, maintaining or obtaining another person for the purpose of exploitation of that person."

C.

Ategrity filed these declaratory actions against the insureds, S.T., and A.H., seeking a declaration that it has no duty to defend or indemnify the insureds against S.T. and A.H.'s claims because neither Coverage A nor Coverage B is implicated and multiple policy exclusions apply. In response, the insureds filed answers, asserting affirmative defenses and counterclaims for breach of contract.[1] S.T. and A.H. also

---

[1] In Case No. 4:25-cv-00158, the insureds' amended answer also asserts counterclaims for declaratory judgment and conflict of interest. The insureds included these additional counterclaims in their original answer in Case No. 4:25-cv-00157 but omitted them from the answer to the amended complaint filed on October 15, 2025. In their responses in opposition to Ategrity's motions for judgment on the pleadings in both cases, the insureds address only their breach-of-contract counterclaim.

4

filed answers and asserted affirmative defenses. Ategrity then moved for judgment on the pleadings solely on the basis that the "human trafficking" exclusion applies. The insureds oppose the motions, arguing that Ategrity has a duty to defend them in the underlying lawsuits and that Ategrity is liable for breach of contract. This is the Court's order on Ategrity's motions for judgment on the pleadings.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) authorizes a party to "move for judgment on the pleadings" "[a]fter the pleadings are closed … but early enough not to delay trial." "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). "In determining whether a party is entitled to judgment on the pleadings, [the district court] accept[s] as true all material facts alleged in the non-moving party's pleading, and view[s] those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).

## III. DISCUSSION

The insureds argue that because S.T. and A.H. allege claims for negligence, premises liability, and false imprisonment, which are covered claims, Ategrity is obligated to defend and indemnify the insureds against S.T. and A.H.'s actions. Specifically, the insureds argue that S.T. and A.H.'s underlying complaints include

5

allegations that "fall within the definitions of 'bodily injury' … and 'personal and advertising injury' … thus triggering the … insuring agreement and the corresponding duty to defend." In response, Ategrity argues that all the claims asserted by S.T. and A.H. in their underlying complaints "arise out of and seek damages directly resulting from or derivatively of [S.T. and A.H.'s] sex and labor trafficking" at the Budgetel and, therefore, Ategrity has no duty to defend or indemnify the insureds in the underlying lawsuits.

"Insurance in Georgia is a matter of contract and the parties to the contract of insurance are bound by its plain and unambiguous terms." *Patterson v. United Servs. Auto. Ass'n*, 375 Ga. App. 821, 823 (2025). "Construction of the contract, at the outset, is a question of law for the court." *Progressive Mountain Ins. Co. v. Vining*, 373 Ga. App. 663, 665 (2024).

Applying Georgia law, federal courts "must enforce an unambiguous contract as written." *Thornton v. Georgia Farm Bureau Mut. Ins. Co.*, 287 Ga. 379, 384 (2010). This is because the judiciary lacks "the authority to interpret, rewrite, or change the terms of an unambiguous insurance policy." *Allstate Fire & Cas. Ins. Co. v. Rothman*, 332 Ga. App. 670, 674 n.3 (2015) (alterations adopted) (internal quotation marks omitted). These principles apply with equal force to "exclusions in insurance policies," even though exclusions are usually "strictly construed against the insurer." *Fid. Nat. Title Ins. Co. of New York v. OHIC Ins. Co.*, 275 Ga. App. 55,

6

57 (2005). An exclusion "that is plain and unambiguous binds the parties to its terms and must be given effect, even if beneficial to the insurer and detrimental to the insured." *Id.*

The question presented by these motions is whether Ategrity has a duty to defend or indemnify the insureds in the underlying lawsuits filed by S.T. and A.H. Because "the duty to defend and the duty to indemnify are discrete obligations," *S. Tr. Ins. Co. v. Mountain Express Oil Co.*, 351 Ga. App. 117, 121 (2019), and because the issue of indemnification does not ripen until an underlying lawsuit is resolved, *see Am. Fid. & Cas. Co. v. Penn. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960), the Court considers only whether Ategrity has a duty to defend at this stage.[2]

"[A]n insurer's duty to defend turns on the language of the insurance contract and the allegations of the complaint asserted against the insured." *Scott v. Gov't Employees Ins. Co.*, 305 Ga. App. 153, 155 (2010) (alterations adopted). Under Georgia law, "where the claims as alleged in the complaint potentially fall within the policy coverage," the insurer has a duty to defend the insured in the underlying action. *Mountain Express*, 351 Ga. App. at 121. However, "[w]here the complaint

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit that were handed down by that court prior to the close of business on September 30, 1981 are binding on this Court. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

filed against the insured does not assert any claims upon which there would be insurance coverage, the insurer is justified in refusing to defend the insured's lawsuit." *C. Ingram Co. v. Philadelphia Indem. Ins. Co.*, 303 Ga. App. 548, 551 (2010).

Turning to the operative complaints in the underlying lawsuits,[3] the Court must determine whether the S.T. and A.H.'s allegations relating to their negligence, premises liability, false imprisonment, and other tort claims trigger coverage under the "bodily injury" and "personal and advertising injury" provisions or trigger the "human trafficking" exclusion. For the reasons below, the Court concludes that the "human trafficking" exclusion applies to all of S.T. and A.H.'s claims.

In their negligence counts, both S.T. and A.H. tie the allegations to their human trafficking claims. For instance, S.T. and A.H. both allege that the insureds "negligently failed to remedy, prevent or report [their] trafficking, and negligently hired, trained, retained, and supervised their agents and employees, including manager Shreesh Tiwari." S.T. and A.H. assert that the insureds "controlled the operation and management of the Budgetel and had the legal duty to keep the premises in a state consistent with due regard for the safety of their invitees." Yet,

---

[3] With respect to Case No. 4:25-cv-00157, the Court takes judicial notice of S.T.'s amended complaint in the underlying lawsuit and looks to the allegations in that pleading to determine whether the "human trafficking" exclusion applies. *See* Fed. R. Evid. 201; *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records.").

according to S.T. and A.H., the insureds "breached the duty owed to [them] by failing to exercise ordinary care to keep the[] premises safe … and negligently permitting criminal activity, especially sex and labor trafficking, to exist and remain at the Budgetel." And, S.T. and A.H. allege that the insureds "are liable for [their] false imprisonment at the Budgetel" because they were "unlawfully detained at the Budgetel by and through [the insureds'] manager Tiwari's threats, coercion, and isolation … , causing [S.T. and A.H.] to reasonably fear for [their] physical safety if [they] did not submit to his demands to remain at the Budgetel."

These negligence allegations, along with the others, clearly rest on S.T. and A.H.'s central claim that they were victims of human trafficking. Because suits for damages "arising out of, related to, caused by, contributed to by, or in any way connected with" human trafficking are unambiguously excluded from coverage under the policy, Ategrity has no duty to defend the insureds. *See Bruce v. Georgia-Pac., LLC*, 326 Ga. App. 595, 601 (2014) ("To excuse the duty to defend the [complaint] must unambiguously exclude coverage under the policy." (alterations adopted)).

The insureds resist this conclusion. To begin, they contend that Ategrity isn't entitled to judgment on the pleadings because "the pleadings reflect conflicting allegations, affirmative defenses, and … unresolved counterclaim[s]." This argument fails. In Georgia, an insurance company's duty to defend an insured is

9

determined from "the language of the policy as compared with the allegations of the complaint," *Hoover v. Maxum Indem. Co.*, 291 Ga. 402, 407–08 (2012), not the insured's version of the facts, the insured's counterclaims, or the insured's affirmative defenses.

The insureds also argue that S.T. and A.H. have pleaded "stand-alone tort[s] under Georgia law" that "do[] not require proof of trafficking, commercial sex acts, or participation in a trafficking venture" and those claims "exist[] independently of any trafficking theory." This argument fails because S.T. and A.H.'s tort claims, at a minimum, "aris[e] out of" human trafficking, and the policy unambiguously excludes such claims from coverage. *See Video Warehouse, Inc. v. S. Tr. Ins. Co.*, 297 Ga. App. 788, 791–92 (2009) (explaining that Georgia courts have "acknowledged [a] very broad interpretation of the words 'arose out of' found in the exclusion clauses of different policies and have accordingly excluded coverage for any tort theories, regarding of their nomenclature, that seek recovery for injuries that have their origin in the excluded conduct" (cleaned up)).

The insureds next argue that judgment on the pleadings is inappropriate because "the purported exclusion at issue has not been interpreted nor applied by the courts." In Georgia, an exclusion that is "plain and unambiguous binds the parties to its terms and must be given effect," even in cases that "present question[s] of first

10

impression." *Manning v. USF&G Ins. Co.*, 264 Ga. App. 102, 103 (2003). So, this argument also fails.

Finally, the insureds assert that, because "Ategrity had a duty to defend the [underlying lawsuits] from [their] inception but failed to do so … a viable breach of contract claim exists" against Ategrity. However, as demonstrated above, Ategrity owes no duty to defend the insureds against S.T. and A.H.'s claims. Therefore, there is no breach of contract, and this argument fails. *See APAC-Georgia, Inc. v. Dep't of Transp.*, 221 Ga. App. 604, 607 (1996) ("In the absence of a contractual duty, there can be no breach of contract.").

## IV. CONCLUSION

The Court **GRANTS** Ategrity's motions for judgment on the pleadings.

**IT IS SO ORDERED**, this 30th day of March, 2026.

WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

11